O'Hagan v. Clinesmith.

---

O'HAGAN v. CLINESMITH et al.

1. Evidence: OBJECTIONS TO. A general objection to the admissibility of evidence is insufficient. The grounds thereof must be stated. (Rev. 3107.)

2. —— LEGAL TITLE : WILLFUL TRESPASS : RES ADJUDICATA. O. held a title bond for certain land. His wife obtained a decree of divorce in the District Court, and, in the allowance of alimony to her, this land was

included, and the vendor, to whom the purchase-money had been fully paid, directed to execute a deed therefor to her, which was done. Upon appeal to this court, the decree below was so modified as to exclude said land from the allowance of alimony. After this, she conveyed the land to her daughter, and subsequent to this, O. commenced proceedings, making his former wife sole party defendant, to set aside the deed made to her, and to have declared his right to the land ; in which proceeding the relief prayed for was granted. Prior to the execution of the conveyance from the wife to her daughter, the former sold to P. some trees standing on the land, who afterward sold them to C., who entered upon the land, and cut down, and removed the trees. *Held*, in an action of trespass against C., that the daughter, not having been made a party to the proceeding of O., to set aside the deed to his wife, was not affected by the adjudication therein, that the facts showed the legal title to be in the daughter, that she was apparently the rightful legal owner, and, hence, that O. was not entitled to maintain his action against C.

*Appeal from Franklin District Court.*

SATURDAY, APRIL 11.

THE facts of this case are substantially as follows :

Plaintiff, in August, 1861, held a title bond from one White, for forty acres of land. The purchase price was all paid and he entitled to a deed. In that month, under proceedings theretofore commenced, his wife, Honora O'Hagan, by the decree of the District Court of Franklin county, obtained a divorce and was allowed as alimony, this, with another forty acre tract, and White was ordered to convey the same to her accordingly. This deed she obtained in April, 1862, and, in November, 1863, she conveyed the same to her daughter. At the December Term, 1862, of the Supreme Court the decree of divorce was affirmed, but was modified as to the property so as to exclude the forty acres thus obtained from White. The wife, however, was in possession and continued to use it, to the time of the trespass herein after mentioned,

as she did before, as the homestead. In November (17) 1863, the husband commenced his suit to set aside the deed from White to Honora, and to have declared and recognized his right to this land — the wife *alone* being a party defendant. In October, 1866, a decree was entered in his favor, granting him the entire relief asked by his petition.

About the 1st of October, 1863, the wife sold to one Peabody some trees standing on the land; defendants, in January afterward, bought the same of Peabody, and, about the 1st of March, cut down and removed the same, knowing that plaintiff claimed the land.

This action was commenced January, 1867, plaintiff claiming $450 for the willful trespass of defendant in cutting down and removing said trees. Trial, verdict and judgment for defendants, and plaintiff appeals.

*Geo. W. Clark* for the appellant.

*Withrow & Wright* for the appellee.

WRIGHT, J. — It is objected that the court below erred in admitting in evidence, against plaintiff's objection, the deed from White to the wife, Honora O'Hagan. Its pertinency would seem to be most apparent. This conveyance was an essential chain in the title under which defendants undertook to justify. Aside from this, however, the objection was general — no ground whatever being stated. And hence there is no question for us to consider (Rev. § 3107).

1. EVIDENCE: objections to.

The main argument, however, is directed to the action of the court in giving and refusing certain instructions. On more than one ground this assignment of error might, in our opinion, be overruled. Without discussing them at length we may state one.

2. — legal title: willful trespass: *res adjudicata.*

So far as disclosed by this record, the legal title to this property was in Mary O'Hagan, the daughter, under the deed from the mother, at the time plaintiff filed his bill to set aside the deed from White to his former wife. And this title so remained at the time of the commission of the alleged trespass, and so continues to this time. There is nothing to impeach the validity of that deed, nor in the least to show that the daughter has not a clear and indisputable title to the property. She has never been a party to any proceeding in relation to said title, and certainly is not concluded by any adjudication. This being so, we cannot say that plaintiff has shown title, nor that he had any such right to protect or enjoy this property as entitled him to maintain this action. Whatever his rights as against the wife, and however much defendants might be liable if the title had remained in her (a question which we do not pretend to discuss), he fails to show any as against the apparent rightful legal owner, and hence his action must fail. None of the instructions complained of are in conflict with this theory, and the judgment is therefore

Affirmed.