## John G. Parkhurst v. Barney Jacobs.

*Trover: Mortgagee: Possession.* Where a mortgagor was permitted by the mortgagee to remain in possession of certain goods, a trespasser upon the same can not defend by showing a right of possession in said mortgagee; such right not being in conflict with the mortgagee's possession and title.

*Heard July 13th.   Decided October 7th.*

Error to Wayne Circuit.

This was an action of trover against the plaintiff in error to recover the value of certain goods described in the declaration.    On the trial, the testimony of the plaintiff tended to prove that on the 9th day of January, 1867, he purchased the goods in question of Black & Alexander; that they were taken from his possession by the defendant; and that the value of the goods thus taken was as alleged.

The defendant introduced in evidence a chattel mortgage upon said goods, which, it was admitted, the plaintiff executed at the time of the purchase thereof, and to secure the purchase price of said goods.

In addition to the ordinary provisions of chattel mortgages, it contained clauses providing that the goods thus mortgaged were to be sold at retail by the plaintiff below at Fentonville; that he was to use due diligence in selling them, and that he was to pay seventy-five cents on the dollar of the original inventory price of the proceeds of such sales to the mortgagee as fast as he sold the same, until the whole purchase money remaining due should be paid.

The defendant also gave evidence tending to prove that said mortgage was not paid, but there was no evidence tending to prove that the mortgagor had made any default in the payment thereof.

The simple question raised by the several assignments of error is whether the plaintiff below, the mortgagor, was entitled to bring trover against the defendant, a mere wrong doer.

Judgment was rendered in favor of plaintiff below.

*Hodges & Dickinson,* for plaintiff in error.

The object of the action of trover is to try the title to personal property, and to enable the absolute or special owner to recover the value thereof when wrongfully deprived, and the gist of the action is that the plaintiff waives the tort of the wrong doer, and if he establishes property in himself and conversion by defendant, he receives the value of the goods and passes full title to the defendant. *1 Burr. 31; Stephen on Pl. 19.*

And the plaintiff must have possession, coupled with a vested right of property at the time of the conversion, and this he must show affirmatively.— *10 Mich. 433; 7 Cow. 294; 1 Chitty's Pl. 148, and note.*

The mortgagor of chattels has not such right in the mortgaged goods unless by special agreement for a definite period.— *3 Mich. 104; 4 Id. 134.*

The plaintiff below had no right of possession of the goods mortgaged; by the terms of the mortgage the mortgagee was vested with the absolute property and possession upon the making and delivery of the mortgage, and the rights of the mortgagor were no greater than those of a servant.— *12 Me. 283; 6 Barb. S. C. 362; 2 Barr, (Penn.) 318; 8 Watts & S. (Penn.) 232.*

Whatever is incumbent upon the plaintiff to prove may be rebutted by the defendant; hence in this action he may show title out of the plaintiff by showing it in himself or any other person.— *10 Mich. 433; 3 Barb. S. C. 304; 2 Greenlf. Ev. 648.*

*E. C. Hinsdale, C. I. Walker,* and *S. T. Douglass,* for defendant in error.

It is now well settled that possession is sufficient evidence of title against a mere wrong doer, and he can not

raise the question of title in a third person, especially if that possession be of such a character as to give the plaintiff a special property in the chattels converted.—*9 M. W. 465; 34 Eng. L. and E. 122; 3 N. H. 484; 28 Vt. 271; 11 Wend. 54; 13 Id. 63; 40 Barb. 382; 17 Wis. 550; 4 Mich. 137.*

Thus, a mere receipt man may bring trover against a mere wrong doer.—*13 Vt. 500.* Or a mere bailee.—*40 Barb. 383.* Or a mortgagor.—*4 Eng. 46.*

On the other hand, a mortgagee or other general owner not entitled to immediate possession can not bring trover or replevin.—*15 Me. 373; 25 Id. 89; 27 Id. 16; 16 Pick. 462; 22 Id. 338; 9 Yerg. 362.*

A mortgagee entitled to immediate possession may unquestionably bring trover; and to defeat this right of immediate possession, which the nature of his title gives him, there must be a clear provision to that effect in the mortgage.—*3 Mich. 111; 4 Id. 295; 12 Me. 282; 12 Met. 308.*

These cases clearly recognize the doctrine that it would be otherwise if, by the clear provisions of the mortgage, the mortgagor was not entitled to immediate possession.

These, too, were all cases where the mortgagee was asserting a right.

But the defendant can not, as we have seen, interfere with the right of a mortgagee to possession, even if such right existed.

But in this case it is clear that no such right existed. By the very terms of the mortgage, the mortgagees were to have possession of the mortgaged property for the very purpose of selling the same at retail at Fentonville, and was to pay the mortgagee from the proceeds of such sales. Until a default, the mortgagees had no right of possession, and no default had been made.

GRAVES J.

The defendant in error purchased a quantity of goods of Black & Alexander, and gave to the latter a mortgage upon the property, to secure the payment of the purchase money; which provided that if he should make payment as fast as he should sell, deducting seventy-five cents on the dollar, according to the original price of the goods, the mortgage should be void. Black & Alexander being such vendors and mortgagees, then invested Jacobs, their vendee and mortgagor, with the actual possession, pursuant to the sense and object of the arrangement.

While Jacobs was thus possessed, Parkhurst, without pretence of right or authority, so far as appears from the record, seized and converted the goods.

Jacobs thereupon brought trover in the court below, and on the trial proved his purchase and possession under it, the conversion by Parkhurst, the value of the property, and rested.

Parkhurst then submitted in evidence the mortgage from Jacobs, before mentioned, and claimed a verdict in his favor. The jury, however, found for the plaintiff.

Neither the validity of the mortgage, nor any claim of creditors, incumbrancers, or purchasers, was in question, and Black & Alexander, the mortgagees, had in no way interfered or claimed the right to interfere with the possession they had given as vendors and mortgagees; and Parkhurst had not connected himself with any imputed right in Black & Alexander, or shown any authority to intermeddle with the property.

It is therefore seen that the introduction of the mortgage had no other object than to prove paramount title in a third party.

It is maintained, for the plaintiff in error, that he could successfully defend on that ground alone, and that proof of the mortgage constituted such defense.

There has been some controversy as to whether a stranger, guilty of the conversion of goods at the time peaceably and actually in the possession of one having no other right than such as the possession implied, could, by showing an outstanding title in a third person, defeat trover, when brought by the party in possession; and the authorities are not agreed upon it.

The decision of this case does not require us to discuss the soundness of that doctrine, since admitting, for the present purpose, the validity of such a defense, the defendant did not bring himself within the principle on which it is based.

The doctrine adverted to, supposes property in the plaintiff, coupled with actual possession, or the immediate right to it, to be essential to the maintenance of the action, and adopting the principle that the defendant could contradict what the plaintiff would be bound to prove, allows this to be done, by showing the right to be elsewhere than in the plaintiff; but as showing a right elsewhere would not produce such contradiction unless the outstanding right should be inconsistent with that set up by the plaintiff, it follows that the two titles or interests would have to be incongruous in order to defeat the plaintiff according to the given hypothesis.

This result is tacitly conceded by those courts which sustain the doctrine advanced by the plaintiff in error. They all hold that trover may be maintained by particular bailees, factors, and agents, notwithstanding the property interest of such parties presupposes the existence of outstanding titles; and this position can not be supported along with the other, except upon the admission that the outstanding title is only hurtful to the plaintiff's claim, when actually inconsistent with it. Indeed, it seems sufficiently plain, that according to the doctrine in question, the outstanding right, to be of any avail to the defendant, must be such as to displace, repel, or exclude, that asserted by

the plaintiff's action. In this case, the goods converted were at the very time peaceably possessed by Jacobs, pursuant to his arrangement with Black and Alexander, and presumptively with their approbation. There was no antagonism between the right of Jacobs, as purchaser, and mortgagor, and that of Black and Alexander, as vendors, and mortgagees. The interests of the parties were neither hostile nor inconsistent, but actually compatible. Neither party had interposed any adverse claim, or attempted to displace or subvert the apparent or pretended right of the other.

The entire transaction imported, that as between the parties, and according to their understanding, Jacobs held possession of the goods, as owner, subject only to those claims which might be asserted under the mortgage, as an instrument of security; and Parkhurst has placed himself in no position to challenge the power or authority of the parties to make such disposition of the goods. He represents neither creditors nor subsequent purchasers or incumbrancers, but appears to be a mere wrong-doer, attempting to shield himself by setting up a right in Black and Alexander, more extensive than any they have claimed.

As between the parties to the sale and mortgage, Jacobs had the actual possession and the right to sell and give a valid title; and the transaction involved a concession by Black & Alexander, of a right in Jacobs to protect his interests, by action, so long as they should discover no necessity for intervening.

There is, therefore, no better ground for holding that the right or interest of Black & Alexander, under the arrangement, was an outstanding one against Jacobs, in the sense of the rule invoked, than there is for contending that the title of the principal is an outstanding one against his factors, sufficient to defeat the latter, when prosecuting a stranger for a wanton conversion.

Since the relations of the parties to the sale and mortgage, have, as respects the property, remained coincident,

and since Jacobs had, among others, the right of possession, as against Black & Alexander themselves, in the absence of any election by the latter to set up a conflicting claim, it can not be reasonable that the defendant, when prosecuted by Jacobs for a wrongful conversion, should be allowed to escape, by showing that Black & Alexander might have placed themselves in a position, though they did not, which would have made the holding by Jacobs indefensible, as against them.

The judgment must be affirmed.

The other Justices concurred.