### ELLIOTT G. STEVENSON v. EDMUND FITZGERALD AND SAMUEL McCORMICK.

*Trover—Plaintiff must have right to possession*

Plaintiff in trover must have either had actual possession of the property converted, or the immediate right to it.

Error to St. Clair. Submitted Oct 14. Decided Oct. 26.

TROVER. Plaintiff brings error. Affirmed.

*O'Brien J. Atkinson* for plaintiff in error.

*William T. Mitchell* for defendant in error.

GRAVES, J. Stevenson sued in trover for an alleged wrongful conversion of a horse and buggy. The trial took place without a jury and the judge made a series of special findings and awarded judgment for defendants.

The plaintiff contends that on the strength of these findings he is entitled to recover. Unless the facts as ascertained and reported make out a case of trover the result cannot be changed. They show that McCormick acting as ward collector of the city of Port Huron under a warrant attached to what was claimed to be the assessment roll of the ward, seized and sold the property in question to satisfy a tax on said roll against the plaintiff. They further show that Fitzgerald was city controller and in that character made the warrant, but had no other connection with the act relied on as a conversion. Many circumstances are set forth bearing on the regularity of the roll, but the finding affirms that the roll was fair on its face.

In order to maintain trover the plaintiff must have either actual possession or the immediate right to it, and there is no finding of either in form or effect. Moreover, the conclusion is pretty strongly implied that for other reasons there was no wrongful conversion. But it is not necessary to go into that consideration.

No actual possession being found and no fact or facts showing an immediate right thereto, the case is in the same predicament, so far as the plaintiff's right to recover is concerned, that it would be if an express finding against him had been made on those points. The judgment against him was therefore a necessary alternative. It follows that the result cannot be disturbed and the questions concerning the regularity of the roll do not call for discussion.

The judgment must be affirmed with costs.

The other Justices concurred.