51 569
67 421
51 569
83 258
51 569
87 488
51 569
137 572

WILLIAM RIBBLE v. FRANK LAWRENCE.

*Trover—Right to possession.*

Plaintiff in trover must affirmatively show his ownership and right of immediate possession; and the defendant, especially if his claim is made peaceably and in good faith, is entitled to show, as a complete defense, that the title and right of possession was vested in a third person before suit was brought.

Error to Saginaw. (Gage, J.) October 9.—October 24.

TROVER. Defendant brings error. Reversed.

*Tarsney & Weadock* for appellant. Plaintiff in trover·· must rely on the strength of his own title and not on the weakness of defendant's: *Davidson v. Waldron* 31 Ill. 120;. *Mulligan v. Bailey* 28 Ga. 507; and if he has no title he must be non-suited: *Raines v. Perryman* 29 Ga. 529; and plaintiff must have a right of immediate possession (*Ayres· v. French* 41 Conn. 142; *Winship v. Neale* 10 Gray 382; *Clark v. Draper* 19 N. H. 419) existing when the action is· brought: *Jones v. Sinclair* 2 N. H. 319; *Burton v. Tanne- hill* 6 Blackf. 470; *Fairbank v. Phelps* 22 Pick. 535; it is a good defense to show title in a third person: *Glenn v. Garrison* 17 N. J. L. 1; *Smoot v. Cook* 3 W. Va. 172;. *Rose v. Coble* Phil. (N. C. L.) 517; *Stephenson v. Little* 10 Mich. 433; *Sexton v. McDowd* 38 Mich. 152; *Burdick v. Michael* 32 Mich. 246; *Stearns v. Vincent* 50 Mich. 209; one who confounds his own with another's property so that they cannot be distinguished, must show which is his or lose it: *Seavy v. Dearborn* 19 N. H. 351; *Smith v. Morrill* 56· Me. 566.

*Eugene Wilbur* for appellee. One always shows a right of property when he shows that he has gained an apparently rightful possession, and such possession is evidence of prop erty, and whoever, by force or fraud, intercepts it, with-· out being able to show any right in himself, is liable in· trover; the possession gained is not only evidence of right as against such a person, but is conclusive evidence, unless he is able in some way to so connect himself with the right of the real owner, as to be able to defend in such owner's interest: *Cooley on Torts* 445; *Thorne v. Tilbury* 3 H. & N. 534; defendant in an action of trover cannot show title· in a third person, unless he connects himself with that title :. *Daniels v. Ball* 11 Wend. 57 note; *Duncan v. Spear* 11 Wend. 54; *Knapp v. Winchester* 11 Vt. 354; *Bartlett v. Hoyt* 29 N. H.

GRAVES, C. J. The plaintiff brought trover before a justice of the peace, and· the cause being appealed he ob- tained a verdict and judgment in the circuit court, which

the defendant now asks to have reversed on writ of error and bill of exceptions. The charge made against the defendant was for the conversion of forty-five cords of fire-wood, cut on the south-east quarter of section three in the township of Buena Vista in Saginaw county.

The plaintiff's case was in substance that the wood in controversy was cut in January, 1882, by Richard Farmer and James Duffy; that about December, 1882, the plaintiff bought it of them in good faith, together with a few cords which the same persons had also cut on the north-east quarter of the adjoining section 10; that he had some other wood which Farmer and Duffy had previously cut for him from standing timber on said section 3; that on the 23d and 24th of December, 1882, he caused the wood to be drawn and piled in three piles on said north-east quarter of section 10; that the parcel cut on section 10 was first hauled and piled on the south end of the large pile, and the other was piled along from that beginning so as to form a continuous pile; that there was in all about 54 cords; that the whole quantity was of like quality and value, and that the plaintiff knew how much came from each section; that the defendant claimed that the entire bulk came from land which he owned on section 10, and insisted that it was his property; that plaintiff explained to defendant that he was able to state what quantity was taken from section 10, and would point it out, and that defendant might take away that portion; that the defendant insisted that if any part came from his land he was entitled to take the whole and did so; that this occurred in January, 1883, and prior to the 27th.

The defendant gave evidence tending to show that in October, 1882, and prior to the alleged purchase of the plaintiff, he bought the north-east quarter of section 10; that the land was unoccupied and wild; that he afterwards learned that before his purchase Farmer and Duffy had been on, cutting wood, without authority; and on the 27th of January, 1883, he obtained a bill of sale of the wood they had so cut; that the quantity was much larger than the whole quantity contained in the piles before mentioned;

that he had no other information, except the statement of the plaintiff, that any of the wood came from section 3, and that the plaintiff assured him that he did not know and could not ascertain how much came from the respective premises; that he told plaintiff that if he, the plaintiff, knew how much came from section 3, to point it out or give the quantity, and he would not take it; that although the plaintiff well knew how much had been cut from that land, he refused to disclose it, and he, the defendant, thereupon seized the whole quantity, less about seven cords.

The defendant then offered to show further that the title to the property in dispute and the right of possession had from a time in February, 1882, been vested in a third person; but he disclaimed the purpose of attempting to connect himself with such right and title, and observed, furthermore, that the sole object was to show, by means of the fact proposed, that the plaintiff, at the time of the commencement of the suit, was neither owner nor entitled to possession. The offer was refused by the circuit judge, on the ground that the defendant was not to be connected with the right and title proposed to be shown. We are not able to concur in this ruling.

The case is subject to be considered as it would be were the fact admitted which was offered to be proved. By bringing trover the plaintiff affirmed as the ground-work of his case that he had a property in the wood, and was entitled to the immediate possession. These points were involved in the issue, and he held the affirmative and the defendant the negative; and whilst the plaintiff was required to show his ownership and right of possession, the defendant was entitled to dispute both or either, and proof that a third person was the holder of the title and right of possession, would dispute them.

The qualification which the doctrine of some cases affirms, and on which the judge acted, whether consistent or inconsistent with the principles of the action of trover, was not applicable. The defendant was not a mere wanton trespasser interfering without any pretense of right with the

peaceable possession of the plaintiff. His conduct was open and peaceable, and his claim was asserted in good faith, and under color of right.

The true rule called for by the circumstances is stated and explained in *Stearns v. Vincent* 50 Mich. 209; see also *Stevenson v. Fitzgerald* 47 Mich. 166; *Parkhurst v. Jacobs* 17 Mich. 302.

According to the circumstances contained in the record the defendant would now be suable by the holder of the outstanding title, and recovery by the plaintiff in this action would be no protection, and the case presents no consideration to justify his being exposed to such a dilemma.

There is a further point in the record, but as no probability exists of its coming up again, it is needless to discuss it.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.