## JOHN ABBOTT v. FRANK CHAFFEE.

*Assignment for benefit of creditors—Failure to file bond—Fraudulent conveyances—Trover—Practice in circuit court—Objections to testimony.*

1. It is the duty of an attorney who objects to the admission of testimony to state the grounds of his objection, and unless this is done the objection will not be considered in the Supreme Court.

2. The failure of an assignee under an assignment for the benefit of creditors to file the statutory bond will not entitle a mortgagee whose mortgage is fraudulent as to creditors to recover in an action of trover brought against the assignee for the value of the mortgage interest in the assigned property.

3. The filing and approval of a bond by an assignee under an assignment for the benefit of creditors after the statutory ten days will not operate to vest in him the title to the assigned property.

Error to Ingham. (Peck, J.) Submitted on briefs October 31, 1890. Decided November 14, 1890.

Trover. Defendant brings error. Reversed. The facts are stated in the opinion.

*Kilbourne & Humphrey,* for appellant.

*Frank L. Dodge* and *R. A. Montgomery,* for plaintiff.

GRANT, J. This is an action of trover brought by plaintiff as assignee of a chattel mortgage executed by one Elijah D. Kitchen to Francis M. Dodge for the sum of $400. Kitchen was insolvent, and made a general assignment to defendant, Chaffee, for the benefit of his creditors. Defendant took possession of the mortgaged goods, and disposed of them prior to the commencement of suit. The defense was that the mortgage was fraudulent as to

the creditors of Kitchen. The court directed a verdict for plaintiff, for the reason that defendant's bond had not been executed and approved, as required by law. The assignment was dated December 31, 1886. Defendant executed an assignee's bond on January 10, 1887. The bond was approved by the circuit court commissioner, but does not appear to have been filed with or approved by the clerk of the court.

It appears that defendant, after his supposed qualification as assignee, filed a bill in chancery to set aside this mortgage as fraudulent. That case came on to be heard upon pleadings and proofs, and the bill was dismissed. Thereupon plaintiff, the defendant in the chancery suit, immediately made a demand upon the defendant for the return of the goods, and upon refusal brought this suit. The only testimony in this case was that taken in the chancery case. When that testimony was offered in evidence by the defendant the attorney for plaintiff said:

"Let the stenographer note the fact that all the testimony taken in the case of Frank Chaffee, assignee of Elijah D. Kitchen, insolvent, against Francis M. Dodge, and John Abbott, the plaintiff in this case, is received as the testimony in this case, and subject to our objection, together with all the exhibits; that it is objected to, objection overruled, and exception taken."

What the objection was, does not appear. We cannot commend this practice. It is the duty of the attorney objecting to state the grounds of his objection, and unless this is done the objection will not be considered in this Court.

The circuit judge directed a verdict for the plaintiff, upon the ground that the statutory bond was not approved and filed, as required by law. The statute under which this assignment was made, so far as the bond is concerned, is as follows:

83 MICH.—17.

" Such assignment shall convey to the assignee all property of the assignor not exempt from execution, and all rights, legal or equitable, of said assignor: *Provided,* That no such assignment shall be effectual to convey the title to the property of the assignor to the assignee until such bond shall be executed, filed with, and approved by said clerk " (meaning the clerk of the circuit court). How. Stat. § 8739.

This bond is required to be executed, approved, and filed within 10 days after the making of the assignment. Failing in this, no title passes to him. *Beard v. Clippert,* 63 Mich. 716 (30 N. W. Rep. 323); *Springett v. Colerick,* 67 Id. 362 (34 N. W. Rep. 683). It is apparent, therefore, that the defendant did not have the title to the property when this suit was commenced. The filing and approving of a bond afterwards did not cure the defect.

But if it be a fact that this mortgage was fraudulent, and made without consideration, the plaintiff was not entitled to recover, even though the defendant had no title under the assignment. In this action the defendant might show title in a third person, and stranger to the action. *Ribble v. Lawrence,* 51 Mich. 569 (17 N. W. Rep. 60); *Seymour v. Peters,* 67 Id. 415 (35 N. W. Rep. 62). Kitchen, the mortgagor, voluntarily placed the property in the possession of the defendant. He, as well as the creditors, had assented to defendant's possession, and consented to the disposal of the property according to the terms of the assignment. If Kitchen had been in possession of the property, he could have defended against the mortgagee, on the ground of fraud and want of consideration. Plaintiff's title depended upon the validity of his mortgage. Defendant was rightfully in possession as against those having no title or valid lien upon the property. Other than those, Kitchen and his creditors are the only ones who can dispute the defendant's right of

possession. Under the authorities above cited, the defendant was entitled to make the defense.

Judgment reversed, with costs, and new trial ordered.

The other Justices concurred.