GRENIER *v.* HILD.

1. TROVER—CONVERSION OF LEASED PROPERTY—EVIDENCE.
   In trover for the conversion of leased property, claimed to have been wrongfully taken by defendants from the possession of plaintiff's lessee, the lease was properly admitted in evidence, as a link in the chain of testimony, as against the objection that it allowed plaintiff to make testimony in her own interest.

2. TRIAL—REMARKS OF COUNSEL—REPRIMAND.
   Objectionable remarks of plaintiff's counsel, for which he was at once reprimanded by the court, who instructed the jury to disregard them, do not entitle defendant to a reversal.

3. TROVER—EVIDENCE—INSTRUCTIONS.
   Defendants in trover are not entitled to an instruction based upon a claimed estoppel of the plaintiff because of her assent to a certain levy, where the fact of a levy is not established in the case by any legal evidence.

4. SAME—DEFENSES—FRAUDULENT CONVEYANCES.

Defendants in trover, who, so far as the record discloses, took the property with no legal right whatever, are not in position to question plaintiff's title on the ground that the conveyance under which she claims was in fraud of the grantor's creditors.

Error to Baraga; Haire, J., presiding. Submitted April 6, 1900. Decided May 18, 1900.

Trover by Odile Grenier against John H. Hild, Charles D. Hanchette, and the Northern Michigan Building & Loan Association. From a judgment for plaintiff, defendants bring error. Affirmed.

*Dunstan & Hanchette,* for appellants.

*E. J. Mapes,* for appellee.

MOORE, J. The plaintiff sued defendants in an action of trover, and recovered a judgment against them, for the conversion of personal property which she claimed to own. The record does not purport to contain all of the testimony offered in the case. The plea of the defendants was simply the general issue. Upon the trial they were allowed to amend their plea by giving notice that they would show that plaintiff was not the owner of the goods, but that they were conveyed to her by her husband in fraud of defendant the Northern Michigan Building & Loan Association, and that, as to said defendants, Theophile Grenier is still the owner of said goods.

On the trial of the case plaintiff offered in evidence a lease of the property in question, made between her and Charles Gamache. It is said that this is error, because it allowed plaintiff to make testimony in her own interest. It was the claim of plaintiff that she owned the property in question, that she leased it to Charles Gamache, and that, while it was in his possession as her tenant, it was wrongfully taken from him by defendants, and converted to their own use. As one link in her chain of testimony,

we think it was not error to permit the receipt of the lease in evidence.

It was claimed by defendants that plaintiff stood by and saw a conversion of this property without claiming to be the owner. On the cross-examination of a witness upon that phase of the case, the following occurred:

"*Q.* She made the remark that they were being robbed by the building and loan association?

"*A.* No; I don't think she did.

"*Q.* They took it very quietly, of course; didn't manifest any anger?

"*A.* Took it with as good grace as could be expected.

"*Q.* They took it in about the same way that any other person would that was being crucified, did they not? (To which counsel for the defendants then and there objected to the style of examination, and to the word 'crucified' being used by the plaintiff's counsel.)

"*The Court:* The jury will pay no attention to that word 'crucified.' And Mr. Mapes should not use such language, and must refrain from it."

This is said to be reversible error. If counsel are right, few cases come to this court which would not be reversed. The circuit judge at once instructed the jury that they were not to consider the objectionable word, and reprimanded the attorney.

The court refused to give a request reading as follows:

"It appearing from the undisputed testimony that the plaintiff was informed, had full knowledge, of the levy, and was present part of the time of the levy, and had full knowledge of the time of the sale, and all the acts done under the execution, and was given a chance to select her exemptions, and that she did not at any time disclose the fact that she claimed ownership of the goods taken, she is now estopped from claiming any ownership in the goods levied upon, and I charge you to render a verdict for the defendants."

This is said to be error. There was no notice given that defendants would seek to justify the taking of the property by virtue of any process of court. While some of the witnesses in their oral testimony spoke of a levy having

been made, there is nothing in the record to show any judgment of any court, nor any execution issued by reason of such a judgment, nor any levy by virtue of any execution. So far as the record discloses, the defendants took the property without any right whatever to do so, and there was no legal evidence upon which to base the request.

The judge refused to give the following request:

"If you find from the evidence that the plaintiff's husband conveyed the goods sought to be recovered in this case to the plaintiff in fraud of creditors, she has no such title as would enable her to bring this action, and you will render a verdict for the defendants."

His refusal is said to be error; counsel citing *Stephenson* v. *Little,* 10 Mich. 439; *Parkhurst* v. *Jacobs,* 17 Mich. 302; *Pierce* v. *Hill,* 35 Mich. 199 (24 Am. Rep. 541). We have already spoken of the condition of the pleadings and of the record. The cases cited by counsel are not in favor of their contention. In this case the plaintiff says the property belongs to her. Her husband is not contesting her right to it, but, on the contrary, says it is hers. So far as the case of *Parkhurst* v. *Jacobs* is applicable, it is in favor of the position of the plaintiff. In *Pierce* v. *Hill* a judgment creditor was seeking to question the transaction. He had shown a valid judgment, a valid execution, and a valid levy. In this case defendants had shown neither. The case of *Fry* v. *Soper,* 39 Mich. 727, is in point, and is against the contention of defendants. See, also, *Eureka Iron & Steel Works* v. *Bresnahan,* 66 Mich. 489 (33 N. W. 834).

The judgment is affirmed.

The other Justices concurred.