## HARRISON v. STATE BANKING & TRUST CO.

1. A general objection to the admission of evidence on the ground that it is incompetent, irrelevent, and immaterial will not be considered on appeal where it might have been obviated at the time had a specific objection been made.

2. In an action by plaintiff alone to recover money overpaid by him on a mortgage given by himself and wife on his wife's property, the amount due on another mortgage, assumed by the wife as part of the purchase price of the property involved, cannot be offset, because she is not a party.

3. The amount due on such mortgage cannot be offset where not pleaded as a defense by way of counterclaim or otherwise.

(Opinion filed February 12, 1902.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by Charles M. Harrison against the State Banking & Trust Company, a corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby,* ror appellant.

*Aikens & Judge,* for respondent.

CORSON, J.   This is an action by the plaintiff to recover of the defendant the sum of $350, alleged to have been received by it for the use and benefit of the plaintiff. The defendant admitted the al-

legation in the complaint as to its incorporation, and denied each and all of the other allegations therein. The case was tried to a jury, and a verdict directed in favor of the plaintiff, and from a judgment rendered thereon the defendant has appealed.

The defendant seeks a reversal of the judgment on the ground that the court erred in admitting evidence on the part of the plaintiff over the objections and exceptions of the appellant and in excluding certain evidence on the·part of the appellant. The appellant also seeks a reversal of the judgment on the ground that there was no evidence to support the same. To properly understand the case it will be necessary to state the plaintiff's theory, which is sustained by the evidence as admitted on the trial: On March 1, 1895, Anna R. Harrison and Charles M. Harrison executed a certain mortgage on property deeded to Anna R. Harrison to secure the payment of certain promissory notes executed to Agnes C. Buchanan as payee, two of the notes being for the sum of $300 each. These notes came into the possession of the defendant bank, and in January, 1896, an action was commenced thereon by the bank, resulting in a judgment in its favor against the plaintiff and Anna R. Harrison for the sum of $641.75, upon which an execution was issued and returned unsatisfied. Subsequently, in June, 1896, F. H. Hollister, who was at that time, and for many years prior thereto had been, connected with the·bank, foreclosed the mortgage so executed by Anna R. Harrison and the plaintiff herein for the amount due upon said mortgage, including the two notes upon which the said bank had recovered judgment, and the mortgaged property was bid in by the said Hollister for the sum of $950, leaving a balance due on the notes secured by said mortgage of $391.85, as shown by the affidavit of the sheriff of Minnehaha county, who made the sale. Subsequently, in 1899, the plaintiff paid the amount of the judgment recovered

against him and his wife on the two notes, less $105 discount. At the time of the payment the bank credited Harrison's account with the sum of $391.85, and passed the balance of the sum so paid on said judgment to its profit and loss account. Harrison subsequently discovered that by reason of the sale of the mortgaged premises in 1896 and the payment of the judgment in 1899 the bank had been overpaid to the amount of about $268, which, with the interest, amounted, at the time of the · trial, to about $306, and for which a verdict was directed by the court in this action. The contention of the appellant is that there was no evidence tending to prove that Hollister, in fore-closing the Harrison mortgage, was acting for the bank, and that, therefore, the court committed error in admitting evidence showing the sale of the premises by Hollister under the mortgage, the amount for which the premises were sold, and the amount of the deficiency remaining unpaid. At the trial the plaintiff introduced in evidence the judgment roll in the case of the bank against the plaintiff and his wife, wherein the bank had recovered judgment against them upon two $300 notes, and proved that the judgment so recovered had been paid, less $105 discount, to the bank. This evidence was objected to, but there was no merit in the objection. The attorney for the bank was then called as a witness on the part of the plaintiff, and testified that he was the attorney for F. H. Hollister, the assignee of a mortgage executed by Anna R. Harrison and Charles M. Harrison to Agnes Buchanan, which mortgage was foreclosed by advertisement; that the notes on which the judgment was recovered by the bank were a part of the debt secured by this mortgage. The witness further testified under objection that the affidavit of the officer who made the sale was prepared in his office, and gave a correct account of the expenses of the sale and the amount

for which the property sold. The plaintiff then offered in evi-
dence the affidavit of the sheriff, showing the sale of the property,
the amount bid by Hollister, and the deficiency remaining unpaid,
amounting to the sum of $391.85, to which the following objection
was made: "Objected to as incompetent, irrelevant, immaterial to
the issues in this case, being an action in assumpsit." The objec-
tion was overruled, and the defendant excepted.

It will be observed that the attorney for the bank states in
his evidence that the notes on which the bank recovered judgment
against Harrison and wife were a part of the debt secured by the
mortgage foreclosed by Hollister. No reason is given why the
bank brought suit upon these notes which seem to have passed to
Hollister by the assignment of the mortgage, and the fact that the
bank brought the action upon these two notes, and that the amount
of the judgment recovered when paid was paid to the bank is cer-
tainly some evidence tending to prove that Hollister, in foreclosing
the mortgage, was acting for the bank. But, assuming that there
was not, in fact, sufficient proof that Hollister was acting for the
bank in the foreclosure proceedings, to warrant the court in admit-
ting the same in evidence had the proper objection been made in such
manner as to have required the court to sustain the objection, yet
the court committed no error in overruling the objection and in
admitting the evidence, for the reason that the appellant failed to
specify the particular ground of his objection. It will be noticed
that the only objection to this question is that it is incompetent, ir-
relevant, and immaterial to the issues in this case, being an action
in assumpsit. The counsel making the objection does not specify
the particular grounds upon which it is claimed to be incompetent,
irrelevant, or immaterial. Such a general objection is unavailing
to a party in this court seeking to reverse the judgment of the court

below, unless the objection could not have been obviated in the trial court. Mr. Jones, in his work on the Law of Evidence, states the rule as follows: "It is also a familiar rule that mere general objections, without the statement of any specific ground of objection, will not be reviewed in the appellate court, or constitute ground for a new trial." 3 Jones, Ev. § 896; O'Hagan v. Clinesmith, 24 Iowa, 249; Abbott v. Chaffee, 83 Mich. 256, 47 N. W. 216; Howard v. Howard, 52 Kan. 470, 34 Pac. 1114; McCloskey v. Davis, 8 Ind. App. 190, 35 N. E. 187. This court, following the territorial supreme court in its opinion in Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426, has added the qualification, "and the objection cannot be obviated in the trial court." Agricultural Works v. Young, 6 S. D. 557, 62 N. W. 432. The fifth headnote in the latter case reads as follows: "When a general objection is made at the trial to evidence offered that might have been obviated at the time had a specific objection been made to it, such a general objection will not be considered by this court on appeal." Had the specific objection been made in the case at bar that the foreclosure proceedings were had in the name of F. H. Hollister, and that there was no evidence proving or tending to prove that he was acting for or on behalf of the bank, the objection could have been obviated as it was in fact · obviated, by the evidence subsequently introduced on the trial. As the same objections and rulings were made as to the admission of the other exhibits in the foreclosure proceedings, it will not be necessary to discuss them further in this opinion.

The appellant further contends that there was no evidence on the part of the plaintiff which will support the judgment. But we cannot agree with counsel in this contention. We think there was ample evidence to show that Hollister was acting on the behalf

of the bank in the foreclosure proceedings, and that the bank, by reason of these proceedings and the amount received from the plaintiff on the judgment of the bank obtained against him and his wife, had received from the plaintiff $268 to which it was not entitled. It therefore held that amount for the use and benefit of the plaintiff. The bank, on its part, sought to prove that a $350 mortgage, assumed by Mrs. Harrison as a part of the purchase price of the property upon which the mortgage foreclosed by Hollister was given, was held by the bank, and should be offset against the amount claimed by the plaintiff. This evidence was objected to and excluded. It was objected to on two grounds: (1) For the reason that Anna R. Harrison was not a party to this action; (2) that it was not pleaded as a defense to the action by way of counterclaim or otherwise. These objections, we think, were properly sustained by the court.

The bank further offered to show that prior to the bringing of this action, and shortly after the execution of the Harrison deed, the $350 mortgage was assigned to W. C. Hollister for the benefit of the bank of which he was president. To this the plaintiff's counsel made no objection, *provided,* leave should be granted him to show that it was satisfied of record before the payment of the judgment. The objection seems to have been sustained properly, on the theory that Mrs. Harrison was not a party to the action, and for the reason that the same had not been pleaded as a defense or counterclaim. If so, the court was clearly right in this ruling.

We are also of the opinion that the court committed no error in directing a verdict in favor of the plaintiff, as the evidence was undisputed, and the right of the plaintiff to recover in the action was clearly shown.

The judgment of the circuit court is affirmed.