JAMES A. COAD, Appellant, v. P. R. SCHAAP, SHERIFF, ET AL.

**Execution sales:** NOTICE: PENALTY. The penalty imposed upon an
1  officer by Code, Section 4027, for making an execution sale without giving the prescribed notice, has relation only to the sale of real property and not to personalty.

**Evidence:** OBJECTION: STATEMENT OF GROUNDS. Where it is sought
2  by objection to evidence to raise the insufficiency in law of a pleading which the evidence tends to support, the attention of the court should be called to the fact that that is the ground of objection.

*Appeal from Sioux District Court.*—HON. WILLIAM HUTCHINSON, Judge.

SATURDAY, OCTOBER 23, 1909.

ACTION to recover damages against defendant, as sheriff, for the conversion of moneys collected under execution running against the plaintiff, issued in an action in which judgment was rendered against him, and also to recover a penalty for selling the property of plaintiff on execution

without the notice required by Code, section 4027. On a trial to the court there was a judgment against plaintiff for costs, and plaintiff appeals.—*Affirmed.*

*G. T. Hatley,* for appellant.

*G. Klay,* for appellees.

McCLAIN, J.—The defendant, as sheriff, held an execution against this plaintiff in an action in which judgment had been rendered against him for $183.07, including costs, and under such execution served notice of garnishment on an alleged debtor of said execution defendant. In response to this notice of garnishment the sum of $265, held by the garnishee as the property of the execution defendant, was surrendered to the sheriff, and the garnishee was thereupon discharged. The execution was then returned to the clerk of the court with the amount of money necessary for its satisfaction, and the clerk entered a satisfaction of the execution accordingly. Plaintiff complains that he was not served with notice of the garnishment proceedings, as required by Code, section 3947, and that no copy of the execution showing the garnishment proceeding under it was returned to the next term of court, as required by Code, section 3976, and that, by the action of the sheriff, without such proceedings on his part being brought to the attention of the plaintiff, an appeal by him from the original judgment which had been rendered against him was prevented, all of which was to his damage, etc.

It does not appear that plaintiff was prevented from appealing from the judgment rendered in the other action against him by any omission of the sheriff in making a more speedy return of the execution, or such return as to show the garnishment proceeding, and it does appear, by evidence which was objected to by plaintiff, that defendant tendered to the plain-

1. EXECUTION SALES: notice: penalty.

tiff, by payment to the clerk of court for plaintiff's benefit, of the excess of the money collected on the garnishment beyond the amount necessary to satisfy the execution in his hands. We cannot see, therefore, under the evidence, any ground on which judgment for damages against the defendant could have been rendered. As to the penalty provided for in Code, section 4027, it is sufficient to say that it relates only to the sale of real property without notice to the execution debtor, and that no real property was sold by the sheriff under the execution which he held.

It further appears, however, irrespective of the merits of plaintiff's claim for damages, that he has presented no record to this court which entitles him to the review of any question which he has attempted to present on this appeal. No exception appears to have been taken to the judgment against him for costs which was an adjudication that he was not entitled to recover any judgment against the defendant.

The only exception preserved in the record was to the action of the court in overruling his objection to evidence offered by the defendant, consisting of an entry in the com-

2. EVIDENCE: objection: statement of grounds.

bination appearance and judgment docket showing the payment to the clerk by defendant of the surplus in his hands after satisfaction of the execution. The objection to this evidence was that it was incompetent, irrelevant and immaterial, but no specific ground was stated. Appellant now contends that he sought in this manner to question the sufficiency of the answer of the defendant alleging the satisfaction of the execution which he held against plaintiff out of the money collected from the garnishee, and the payment to the clerk, for the plaintiff, of the balance of the sum so collected. While it may be that an objection to an answer which might be raised by demurrer may, in some cases, be sufficiently made by objection to the evidence offered tending to support the allegations of such answer, yet we think it very clear that the objection must in some way call the

court's attention to that as the ground of objection, if it is desired to rely upon the insufficiency in law of the answer which the evidence tends to support. In general the ground of objection to evidence offered must be brought to the court's attention. *Puth v. Zimbleman,* 99 Iowa, 641; *Brier v. Davis,* 122 Iowa, 59; *Page v. Grant,* 127 Iowa, 249. There may be cases where errors in interlocutory rulings can be reviewed without formal exception to the judgment having been preserved, but clearly here there was nothing to apprise the court, from first to last, that the plaintiff was questioning the sufficiency of defendant's answer as matter of law, and we think he has no standing in court now without an exception to the judgment to question the correctness of a ruling which might have been made had he secured it in proper form and time. The judgment is *affirmed.*