HUGO EVERS et al., Appellants, v. WILLIAM FLINDT, Appellee.

**CONTRACTS:** Waiver—Failure to Plead Requirement. A contract requirement to the effect that all claims for damages consequent on

delay in performance shall be presented *in writing* is waived, unless the said requirement is pleaded against a claim not so presented.

TRIAL: Objections—Statement of Grounds—Dragnet in Form. A general, dragnet objection to testimony on the ground that it is "irrelevant, incompetent, and immaterial," overruled in the trial court, and followed by no specification, will be given scant attention on appeal.

*Appeal from Clay District Court.*—N. J. Lee, Judge.

April 4, 1922.

Action at law, to recover an amount alleged to be due upon a building contract.—*Affirmed.*

*James C. Melville* and *J. P. Goble*, for appellants.

*Heald & Cook*, for appellee.

Weaver, J.—The plaintiffs, as contractors, undertook the construction of a building for the defendant for the aggregate sum or price of $29,530. The contract bears date August 29, 1916, and provides for the substantial completion of the job by March 1, 1917. More or less delay occurred in the progress of the work, and it was not finished until about July 1, 1917. There being more or less controversy between the parties over various items of claim and counterclaim growing out of the contract, this action was brought at law, to recover the remainder alleged to be due the plaintiffs. Briefly stated, plaintiffs claimed an unpaid remainder of the contract price, amounting to $1,567.86, and a further sum for extras, $655.74, or an aggregate of $2,223.60. Defendant denied all the plaintiffs' claims, and set up counterclaim for damages on account of defective work, and for loss of use and rental value of the building, occasioned by plaintiffs' delay in completing the work, and for various other lesser items.

On hearing the evidence, the trial court found that plaintiffs were entitled to recover upon the original contract $1,567.86, and for extra work $502.50, making an aggregate of $2,070.36. As against this amount, the court credited the defendant with

damages, not itemized, in the aggregate amount of $1,000, leaving a remainder in plaintiffs' favor for $1,070.36, with interest from July 1, 1917. Judgment was entered for this sum with interest to the date of judgment entry, October 13, 1920, and the costs were apportioned to the parties in equal parts. From this, the plaintiffs have appealed.

In this court, appellants make no claim of error in the trial court's finding of the amount due them upon the contract price, or the value of the extras for which they are entitled to recover. The errors assigned go entirely to matters connected with the defendant's counterclaim. And even with respect to the counterclaims, the only assignments of error argued by counsel are upon the overruling of plaintiffs' objections to certain questions put by defendant to some of his witnesses as to the rental value of the use of the building during the delay in its completion after the date fixed therefore in the contract. In argument, it is not urged that the evidence so admitted was irrelevant or incompetent in itself, but that it was inadmissible because of a clause in the contract which provides that claims by either party for damages because of delay in its performance "shall be made in writing within a reasonable time, and not later than the time of final payment, and shall be adjusted by agreement or arbitration."

It is the contention of appellants that, because no such written claim or notice is shown, no evidence of damages of that character should be admitted or considered. The objection is without substantial merit. Defendant had pleaded these alleged damages as items in his counterclaim, and in reply thereto, plaintiffs made no plea or allegation that such demands had not been made in writing, as required by the contract; but, while admitting a delay of 30 days or more, they alleged, in avoidance of the counterclaim, that defendant was himself responsible therefor. The clause of the contract to which we have referred was in no way suggested or relied upon. Even if it be said or conceded that it was not necessary to plead the failure to make a written demand, it would still remain necessary for plaintiffs, if they desired to take advantage of such failure or admission, to make such objection when the testimony was offered. No such record

2. **TRIAL**: objections: statement of grounds: dragnet in form.

is made. On the contrary, to each of the questions designed to develop evidence of the alleged damages, counsel objected on the ground that it was "incompetent, immaterial, not a matter in issue in this case, and not the proper measure of damages,"— simply this, and nothing more. No reference is made to the stipulation in the contract, and there is no statement or suggestion of the reason or reasons why, in the thought of counsel, the proof offered is incompetent or immaterial; and we think it entirely too late to make such objection for the first time on appeal. A sweeping objection in general and indefinite terms is not to be made use of as a mere dragnet or screen for specific objections held in mental reservation by counsel, to be brought to light only when the case has become the subject of appellate jurisdiction. This is particularly true where the objection is made to the competency of evidence. If it be incompetent, it is because of some reason which may or may not appear on the surface, and the court to which it is offered is entitled to know on what ground its competency is challenged. Indeed, it would seem that the objection now urged is an afterthought upon part of the appellants. They took issue upon the merits of the counterclaims, and tried them through to judgment, on the theory that defendant had sustained no damage by their default or wrong. They had the right to ignore or waive the requirement for a written statement as a condition precedent to the allowance of damages against them, and we are disposed to say that they did waive it.

We shall not enter into any examination of the record as relates to the several items of defendant's counterclaim, or of the evidence by which they are supported. Except with reference to the question already considered, counsel have favored us with no argument on the general merits of the controversy, and it is not to be expected of us that we scan the abstract of 200 pages to discover for ourselves whether there may have been error concerning which no complaint is made.

The cause seems to have been fairly tried, without prejudicial error, and the judgment appealed from is—*Affirmed.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.