MRS. GERHARD P. FLOY, Appellee, v. GEORGE HIBBARD et al., Appellants.

No. 44864.

October 17, 1939.

Healey & Reynolds, for appellants.

Thomas E. Mullin, for appellee.

HAMILTON, J.—The errors go to the rulings of the trial court in permitting irrelevant and immaterial testimony in reference to the fact that defendant Gifford, owner of the car, carried insurance.

The car that collided with the car in which plaintiff was riding belonged to defendant Gifford and was, at the time of the accident, being driven by defendant Hibbard with Gifford's consent. Gifford was the postmaster at Thayer, Iowa, near which place the accident occurred and Hibbard was a rural mail carrier. The accident occurred near the crest of a hill on a dirt road, the traveled portion of which was about 28 feet wide, and was due to the fact, as plaintiff claims, that Hibbard was driving on the wrong side of the road; whereas, Hibbard contends that there was but one traveled track and both cars were in this traveled portion and, in passing each other, the back end of the car in which plaintiff was riding with her husband was in some way shifted toward the center of the road and this was the cause of the collision.

The record contains several references to the matter of insurance. Some of the most damaging went in without objection and, in the argument to the jury, plaintiff's counsel developed the idea very plainly so that the ordinary juror

would easily catch on that the only party interested in preventing a verdict was the insurance company and that, if the owner of the car, Mr. Gifford, could have his way about it, the damages would be paid and that Gifford had done all that he possibly could do to aid the plaintiff. This was, of course, misconduct on the part of plaintiff's counsel but it all went into the record without a single objection sufficient to raise the question of misconduct. This is not a reflection on counsel of record in this court as they did not appear in the trial court.

■ Ordinarily, when an objection is made to the introduction of testimony on the ground that it is incompetent, irrelevant and immaterial, in fairness to the trial court, counsel making the objection, if he desires to preserve his record for the supreme court, must point out in what particular or particulars the evidence sought to be elicited is objectionable and, unless this is done, we have often said that it does not constitute a proper basis for a reversal. O'Hagen v. Clinesmith et al., 24 Iowa 249; Evers v. Flindt, 193 Iowa 557, 187 N. W. 484; In re Estate of Hoyt, 180 Iowa 1250, 163 N. W. 430; Coad v. Schaap, 144 Iowa 240, 122 N. W. 900; and Neel v. Smith, Iowa, 147 N. W. 183. The reason for this rule is that, in fairness to the trial court, he should know upon what the objector relies and be given an opportunity to pass upon the same. However, this general objection is sufficient where the grounds of the objection are discernible, International Harvester Co. v. C., M. & St. P. Ry. Co., 186 Iowa 86, 172 N. W. 471, or where the evidence to which the objection is made could not have been made competent.

■ Under the record in this case, if there is to be a reversal because of the injection into the record of testimony relating to the fact that the owner of the car involved carried indemnity insurance, it must be based on the sole ground that such evidence was immaterial for the matter was raised in no other way and then only in two instances to which we will now give attention.

Gifford was not at the scene of the accident and, hence, knew nothing personally concerning the circumstances surrounding the same. During the course of the examination of the plaintiff's husband, as a witness in her behalf, in the examination in chief he was asked to relate a particular con-

versation with Gifford which occurred at the post office. Plaintiff's counsel asked:

"Q. Just relate to the jury what was said in that conversation.

"Mr. McEniry: Objected to as wholly incompetent, irrelevant and immaterial to any issue in this case.

"The Court: Objection overruled. (Exception noted.)

"Q. What did you say to Mr. Gifford, and what did he say to you? Just relate your conversation that you had with him at that time. A. Well, I asked about the accident and Mr. Gifford said he would let, had insurance and he would let that take care of it. He didn't even come out.

"Mr. McEniry: Move to strike that as wholly immaterial to any issue in this case.

"The Court: Overruled. (Exception noted.)

"Mr. McEniry: Brought out purposely by the plaintiff's attorney.

"The Court: Overruled. (Exception noted.)"

The objection to the question was, no doubt, properly overruled but, when the answer revealed the subject to which the conversation inquired about related, namely, the question of insurance and nothing else, the motion to strike should have been sustained.

Plaintiff also used as a witness Mr. Virgil Claver and, after he had been fully examined by both counsel for plaintiff and the defendants, he was recalled the next day and asked about a particular conversation which he had at the post office in Thayer, Iowa, with Mr. Gifford and, in answer to such question, Mr. Claver said:

"Well, I asked Mr. Gifford if, what the insurance company was doing, if they were going to do anything about this, and he said he guessed not. Then he told me that he got a statement from the company that their premium was due, and he told me that he had written back to them and told them if they couldn't pay their losses he didn't want no more of their insurance."

This went in without objection and, when the answer was finished, Mr. Mullin, counsel for plaintiff, simply announced

to the court: "I believe that is all." The witness was not questioned concerning any other matter which, of course, indicated that he was recalled for the sole purpose of again emphasizing a matter wholly immaterial. When Gifford took the stand in his own behalf, during the introduction of the defendant's testimony, he was simply asked whether such a conversation had taken place and in substance he stated he had no recollection of such conversation and, on cross-examination of Gifford, counsel for plaintiff again, after an unsuccessful effort to draw out of the witness some specific references to insurance or that he had notified the insurance company of the accident, finally asked:

"Q. Did you tell him [Claver] you had reported it to someone? A. No, I didn't.

"Q. You recall anything—when did your premium become due?

"Mr. McEniry: Object to that as wholly immaterial to any issue in this case, not proper cross-examination.

"Mr. Mullin: Your Honor, he has denied this I think we have a right to go into it.

"The Court: I think I will let him answer that question. (Exception noted.)

"A. My premium was due about, I don't just remember the date, I suppose about the last of February."

Why the witness should have been allowed to answer this question is inconceivable unless it was to make sure the premium was paid and the policy in force on the date of the accident. It related to a wholly immaterial matter which the defendant did not bring out in the examination in chief but which had been brought out previously by the plaintiff and was not touched upon by the witness Gifford except by way of denial that any such conversation occurred. The objection should have been sustained. In view of the seemingly purposeful injection of the matter of insurance into the case and the very pointed and effective way counsel for plaintiff made use of the same repeatedly in his argument to the jury, it would be folly to say that the error of the court in admitting such immaterial testimony was not prejudicial.

Appellee contends that, because there was no motion

for a new trial made, these objections may not be considered by this court. It must be admitted that a much better record could have been made in the court below for presentation of the matter to the appellate court, nevertheless, the objections were made and the immateriality of the evidence called for was plainly discernible and required no further particularity to apprise the trial court of the grounds of the objections and, under such circumstances, it was not necessary that these same identical matters be again presented to the trial court by a motion for a new trial. Section 12828, 1935 Code of Iowa; Stewart v. Equitable Life Assn., 110 Iowa 528, 81 N. W. 782; Scurlock v. City of Boone, 142 Iowa 580, 585, 120 N. W. 313; Taylor v. Burgus, 221 Iowa 1232, 262 N. W. 808.

For the reasons above stated, the case must be and is, accordingly, reversed.—Reversed.

OLIVER, C. J., and all JUSTICES concur.