GERHARD P. FLOY, Appellee, v. GEORGE HIBBARD et al., Appellants.

No. 45065.

FEBRUARY 6, 1940.

Healey & Reynolds, for appellants.

Thos. E. Mullin, for appellee.

HALE, J.—This is a companion case to the case of Floy v. Hibbard, decided by this court on October 17, 1939, and reported in 227 Iowa 149, 287 N. W. 829. It involves the same collision and, in the main, the same state of facts, the plaintiff in that case being the wife of the plaintiff herein.

On February 9, 1938, the plaintiff was driving west on a highway and approaching the crest of a hill. The defendant Hibbard, driving east, came over the crest of the hill and at a point 15 to 30 feet east the car he was driving collided with the car of plaintiff. The cause of the collision as claimed by the plaintiff was that the defendant was driving on the wrong side of the road, while the defendants claim that there was but one traveled track and both cars were in this traveled portion. Defendants' car was driven by Hibbard with the consent of Gifford, the owner. There was trial to a jury, verdict and judgment for plaintiff, and, motion for new trial and exceptions to instructions being overruled, the defendants appeal.

A serious question involves the matter of insurance. In the case brought by the wife of the plaintiff against the same defendants, the plaintiff herein was interrogated as to a conversation held with one of the defendants, the postmaster and owner of the car. He testified as follows, as shown by the opinion in Floy v. Hibbard, et al., supra:

"Q. Just relate to the jury what was said in that conversation." Objected to as wholly incompetent, irrelevant, and immaterial to any issue in the case. Objection overruled.

"Q. What did you say to Mr. Gifford, and what did he say to you? Just relate your conversation that you had with him at that time. A. Well, I asked about the accident and Mr. Gifford said he would let, had insurance and he would let that take care of it. He didn't even come out." A motion to strike in that case was overruled and this court, by Justice Hamilton, stated as follows:

"The objection to the question was, no doubt, properly overruled but, when the answer revealed the subject to which the conversation inquired about related, namely, the question

of insurance and nothing else, the motion to strike should have been sustained.''

In the instant case the plaintiff was again interrogated about this same conversation, which occurred on the Saturday following the Wednesday when the collision occurred.

''Q. Just tell the court and jury what was said by you and what was said by Mr. Gifford at that time?

''Mr. Reynolds (for the defendants): Just a moment. We object to that as calling for extraneous matter, incompetent, irrelevant and immaterial to any issue in the case, not proper.

''The court: Witness may answer. To which ruling of the court the party or parties adversely affected are given an exception.

''A. Well, I went into the post office and asked Mr. Gifford why he was not out to the accident. As near as I can remember, he told me that that is the reason, he had insurance and let them see to it.

''Mr. Reynolds: Now I move to strike it for the reason that it is incompetent, irrelevant and immaterial and bringing an improper matter before the jury, and it is extraneous matters which are incompetent, irrelevant and immaterial, which should not be considered by the jury in arriving at a verdict in this case, and we move to strike it for all of these reasons and ask that the court instruct the jury to disregard the statement made by the witness with reference to any insurance company or any other matters in the conversation.''

The court overruled the motion to strike the answer, but instructed the jury at the time that the matter of insurance was not involved in the case and that they should give it no weight or consideration whatever at any time during the course of the trial and that it should not be discussed in the jury room.

It will be seen by the foregoing extracts of the evidence from the two cases that the questions and answers were almost identical. This court has often held that injecting the matter of insurance into a case is reversible error, one of our most recent cases being McCornack v. Pickerell, 225 Iowa 1076, 283 N. W. 899. See also Ryan v. Simeons, 209 Iowa 1090, 229 N. W. 667, where it is held that the wilful injecting into the trial of the action of the claimed fact that the defendant is protected

by insurance against any judgment which may be procured against him is ground for a new trial. See that opinion and cases cited therein, one of which, Ryan v. Trenkle, 199 Iowa 636, 639, 200 N. W. 318, 320, has the following language, by Justice Evans:

"It is quite apparent that the verdict was influenced by extraneous matter. One of such extraneous matters was the diligent suggestion, by examination of jurors and otherwise, that the damage sued for had been insured against. The impression thus conveyed to the jury naturally was that the action was a mere method of collecting insurance. This seems to be a growing practice of trial stratagem, which is not calculated to secure a fair trial, and which incurs the increasing disfavor of the courts."

A distinction has been made between diligent suggestion and the mention of insurance in answer to a question involving a conversation relating to other material matters; and where such mention has been merely incidental courts have ordinarily held it to be error. It is true the suggestion in the testimony offered in this case did not go to the extent of that introduced in the trial of the case of the wife against the same defendants. However the same conversation was testified to in that trial. Plaintiff knew that the answers elicited would be the same and must have known that the conversation related to no material matter, nor indeed to anything affecting the issues in the case unless it should be the question of insurance. We have set out the testimony in the first case for the reason that from that testimony it is apparent that the only object in introducing testimony in relation to the conversation in the present case was for the purpose of bringing before the jury, by inference or suggestion, the fact that the defendant Gifford was protected by insurance. Plaintiff argues that this question was only incidental, that the conversation related to the attitude of the defendant in not going to the scene of the accident. How the fact that he did or did not go to the scene of the accident affected the rights of the parties, or could have any influence on the verdict, we are unable to discover. That part of the testimony alone, if it had any effect, would

only tend to show that he was indifferent to the outcome of the case so far as any financial loss to him was concerned.

Cases cited by plaintiff go only to the extent of what we have heretofore indicated, that a mere incidental mention in connection with material matters testified to by the witness, and which material matters appear in conversations relating to other matters, does not have the same effect as the wilful and deliberate injection of such extraneous matter into the trial. Bauer v. Reavell, 219 Iowa 1212, 260 N. W. 39. We hold, as we did in the previous case, that the failure to strike was error.

It is claimed by plaintiff in argument that the direction of the court to the jury to disregard this evidence saved this situation, but we do not agree with this contention. A direction of this kind would not, in a case of this nature, counteract the damage done by the admission of testimony of this character. It is true that the question of insurance in this case does not show a violation of the rule to the extent that it does in some other cases. But it does appear that it was deliberately brought before the jury in a manner which has repeatedly been condemned by this court. See Albert v. Maher Bros. Trans. Co., 215 Iowa 197, 243 N. W. 561; Floy v. Hibbard, supra. See also Rutherford v. Gilchrist, 218 Iowa 1169, 255 N. W. 516, where the admission of testimony very similar to that permitted to go to the jury in this case was held to be reversible error.

Other assignments of error are made as to certain instructions and other matters, which we find it unnecessary to discuss, as the same situation might not exist in the event that there should be a new trial of this case.

For the reason assigned the cause should be, and it is, reversed.—Reversed.

HAMILTON, C. J., and RICHARDS, STIGER, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.