## Toledo, St. Louis & Western R. R. Co. v. John W. Needham.

1. RAILROADS—*Fact that Fire Is Set by Sparks from Locomotive Makes a Prima Facie Case of Negligence.*—The fact that a fire is set by sparks from a locomotive makes a *prima facie* case of negligence and the burden is upon the railroad company to show that appliances for arresting sparks were of the most approved kind and were in good repair and that the engines were carefully and skillfully handled by a competent engineer.

2. EVIDENCE—*Of Condition of Engine During Preceding Winter.*—Evidence as to the defective condition of spark arresters on engines during the winter before the fire occurred, is inadmissible, as being too remote.

Trespass on the Case.—Damage to orchard by fire. Appeal from the Circuit Court of Cumberland County; the Hon. HENRY VAN SELLAR, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Opinion filed November 24, 1902.

CHARLES A. SCHMETTAU and C. M. CONNOR, attorneys for appellant; CLARENCE BROWN, of counsel.

J. F. HUGHES, W. C. GREATHOUSE and LYLE DECIUS, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee recovered a judgment of $155 against appellant for damages done to his apple trees, which were burned by a fire set out by one of appellant's engines. Appellee's orchard is on the south side of appellant's railroad track. On the 8th of April, 1901, a fire started in the orchard and damaged sixty-two trees to the extent of $2.50 each, as estimated by witnesses. No one saw the fire start. It did not start on the right of way, but about ninety feet south of it. While there is some contention that there was no evidence that it was started by sparks from one of appellant's engines, we think that the jury were justified in finding from the circumstances in proof, that it was. There was no fire in the orchard when appellee left it about noon, to go to his dinner. When he returned less than an hour

afterward he saw it burning. Three trains had passed in the meantime. A *prima facie* case of negligence, therefore, was made out by appellee, and the court properly refused, at the conclusion of the testimony for him, to instruct the jury to return a verdict of not guilty.

To overcome appellee's *prima facie* case, the burden was upon appellant to show that appliances for arresting sparks on each of the three engines in question were of the most approved kind and were in good repair, and that each engine was carefully and skillfully handled by a competent engineer. Appellant showed that all three of the engines were skillfully handled by competent engineers and that they were equipped with spark arresters of the most approved kind. It was shown that two of the engines, numbers 50 and 70, were inspected on the 6th and 9th of April, and that the spark arresters were properly set and in good repair. The same was found to be true with reference to the other engine, No. 36, which was inspected April 2d and 9th. Whether, in the absence of proof that the arresters had not been tampered with after the fire and before the inspection on the 9th, the evidence was such as to require that they should be in good condition at the time of the fire, was a question for the jury, and one about which we do not care to express our views at this time.

To meet appellant's proof appellee introduced in rebuttal two witnesses, who testified that they had noticed during the preceding winter and at various other times, showers of sparks thrown by appellant's engines, and had seen large quantities of cinders on the ground, from twenty to one hundred feet from the right of way. It was not pretended that either of the engines in question threw the sparks or cinders testified to. There is no possible view in which testimony so remote could be admissible. The condition of the spark arrester on some of appellant's engines during the winter before may have been bad, or the engine may have been improperly or unskillfully managed, but it is difficult for us to see how either one of those facts would tend to prove that the engines in question were in bad condition on the 8th of April, or not properly managed.

For error in admitting the testimony of the two witnesses in rebuttal the judgment must be reversed.

We think, also, that the jury should have answered the sixth, seventh and eighth special interrogatories propounded at the instance of appellant.  We see nothing wrong with the instructions.

Judgment reversed and cause remanded.