ZELMA RUDD, Appellee, v. OTTO JACKSON, Appellant.

PLEADING: Motions—Striking Superfluous Denials, Etc.  A defendant who has denied generally and specifically may not complain that additional affirmative allegations of fact and of argument in emphasis of his denials are stricken from his answer.  (See Book of Anno., Vol. 1, Sec. 11197, Anno. 7.)

PLEADING: Motions—Harmless Striking of Material Allegation.  No injury results from striking a material allegation from a pleading when the record shows that in the trial the matter stricken was treated as at issue, was duly tried out, and was properly submitted to the jury.  (See Book of Anno., Vol. 1, Sec. 11548, Anno. 64 *et seq.*)

HIGHWAYS: Law of Road—''Traveled Way'' Defined.  A single track made by vehicles in the snow on an 18-foot pavement is properly treated as the ''traveled way,'' within the meaning of the statute governing the meeting of travelers upon the highway, especially when the parties mutually try their case on such theory.  (Sec. 5020, Code of 1924.)

EXCEPTIONS, BILL OF:  Bystander's Bill.  Misconduct in argument may not be made of record by a writing which is not presented to or signed by the judge, and which is signed solely by the counsel for the complaining party.  (See Book of Anno., Vol. 1, Sec. 11545, Anno. 17.)

NEW TRIAL:  Misconduct of Counsel—Cross-examination as to Indemnity Insurance.  Reversible error results, in a personal damage action, from purposely carrying a cross-examination to the extent of revealing the fact that the defendant is protected by insurance from ultimate liability.  (See Book of Anno., Vol. 1, Sec. 11550, Anno. 131 *et seq.*)

Headnote 1:  4 C. J. p. 939.  Headnote 2:  4 C. J. p. 940.  Headnote 3: 4 C. J. p. 662; 29 C. J. pp. 650, 651.  Headnote 4:  4 C. J. p. 265.  Headnote 5:  4 C. J. p. 265; 29 Cyc. p. 775; 38 Cyc. p. 1498.

Headnote 5:  2 R. C. L. 417.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

FEBRUARY 16, 1926.

OPINION ON REHEARING APRIL 5, 1927.

Action for damages for personal injuries, resulting from

the collision of two automobiles. The defendant was the owner and driver of one, and the husband of plaintiff was the owner and driver of the other. There was a verdict and judgment for the plaintiff, and the defendant has appealed.—*Reversed.*

*George W. Potts, Herminghausen & Herminghausen,* and *C. C. Putnam,* for appellant.

*E. C. Weber* and *J. R. Frailey,* for appellee.

Per Curiam.—The accident involved occurred at about 6:15 P. M., on January 21, 1924, on Primary Road No. 20, a paved highway extending north and south between Ft. Madison and Montrose. The plaintiff was riding in a Ford touring car, with a babe in her arms. The car was traveling south. The defendant was the operator of a bus line upon such highway, and used a Cadillac car as one of his busses. He was its driver on this occasion, and was driving north. The paving on this highway consists of a strip 18 feet wide, with a wing on each side, 5 feet wide, of dirt or gravel, and suitable for travel. A day or two before the accident, a fall of snow had covered this road to a depth of from 4 to 6 inches, which covering remained thereon at the time of the accident. The travel following the snowfall resulted in one traveled track for vehicles. Both of these vehicles occupied this traveled track, as they approached each other. The collision resulted from the failure of one or each driver to yield to the other a part of this traveled track.

The testimony for the plaintiff is that this traveled track was upon the west side of the center line; whereas the testimony of the defendant is that it was upon the east side of such line. The testimony for the plaintiff was that, as her husband's car approached the meeting place, he turned to his right, and yielded half the traveled track; that such position brought him close to the ditch at his right; that the bus failed to yield any part of the traveled track, but occupied both sides thereof until it came within a few feet from the meeting point, when it suddenly veered to the right, pointing northeasterly; that it thereby avoided a head-on collision, though the body of such car was still upon the traveled track; that the front end of the Ford collided with the side of the bus at a point just to the rear of the front

wheel and fender; that the forward movement of the bus thereupon carried the Ford with it, and that this resulted in turning the Ford about, so that it was headed toward the northeast (in the same direction as the bus), when it came to a stop; that the Ford was demolished on its left side, and was turned over; and that the plaintiff was injured, as a result, in that she suffered a broken limb and other injuries; that her limb was fractured slightly below the knee, and the kneecap otherwise injured. She was confined to the hospital and to her home for many weeks, and was under much disability at the time of the trial. The verdict was for $3,500, and judgment was rendered thereon. The number of assigned errors is very great, being 23 in number, and each of these is argued under several brief points.

It will be impossible, within the appropriate limits of an opinion, to deal in detail with each error assigned. We shall aim, therefore, to deal broadly with the general character of the complaints presented for our consideration by the appellant.

I. At the close of the evidence for the plaintiff, and again at the close of all the evidence, the defendant moved for a directed verdict, upon the ground that it appeared conclusively from the evidence that the defendant was not negligent, and also that the plaintiff was negligent. We think that the motion was properly denied in each case. The evidence in the record is full of conflict. The jury could have found that either one of them, with ordinary care, could have avoided the accident. The case, therefore, presented a jury question.

II. The defendant complains of a certain ruling by the court, which sustained plaintiff's motion to strike a part of his answer. The petition alleged the negligence of the defendant and her own freedom from contributory negligence. The defendant answered the petition with a general denial and with specific denials of every allegation therein pertaining to the subject of negligence. In addition to these specific denials, the defendant pleaded affirmative matters, including evidence and argument. The part thereof which was stricken by the ruling of the court was the following:

1. PLEADING: motions: striking superfluous denials, etc.

"* * * Injuring the running board and greatly injuring said Cadillac car. Defendant denies that the defendant did any act or anything that caused the plaintiff's injury, if any she

sustained; and defendant states that, if the said plaintiff sustained any injury, it was the direct and proximate cause of the said Ford touring car, running into the Cadillac car of the defendant, and the direct and proximate cause of the carelessness and negligence of the said plaintiff and her husband, the said Vess Rudd; and defendant specifically denies that the plaintiff was injured as alleged in plaintiff's petition, and specifically denies that the defendant is liable to the plaintiff in the sum of $10,000, or any sum whatsoever.''

The defendant was in no manner hurt by such ruling. In so far as the facts pleaded were material, they were admissible in evidence under his general denial. The affirmative allegations added nothing to the general denial. They were a mere attempt at emphasis. In so far as they were argumentative, they had no proper place in the pleading. The matter here quoted was stricken from Paragraph 2 of the petition.

The matter here quoted was again included, with certain addition and elaboration, in Paragraphs 3, 4, 5, and 7 of the answer. Such matter was stricken from such paragraphs by the same ruling of the court. Manifestly, if it was proper as to one paragraph, it was proper as to all. The grievance which appellant suffered by this ruling, as urged upon us in argument, was that he was thereby deprived of his right of having such allegations stated to the jury in the statement of issues in the court's instructions. Particular complaint is made because in some of these paragraphs he had specifically charged that the Ford car was traveling without lights, and that he was entitled to have such claim stated to the jury in the statement of issues.

2. PLEADING: motions: harmless striking of material allegation.

Broadly speaking, the defendant was not entitled to plead immaterial matter for the purpose of having it stated to the jury; nor was he entitled to have it stated to the jury, even though it had not been stricken from his pleading. As to his allegation of want of lights on the Ford car, that issue was expressly submitted to the jury. It appears that the defendant filed a counterclaim, wherein some of these stricken allegations were made. The allegations were not stricken from the counterclaim. The allegation that the Ford failed to carry lights was included in his counterclaim, and was included in the statement of issues by the court, in connection with such counterclaim.

The defendant suffered no prejudice, therefore, at that point.

III.  Complaint is made of an instruction which involved a construction of Section 5020, Code of 1924, which provides as follows:

"Persons on horseback, or in vehicles, including motor vehicles, meeting each other on the public highway, shall give one half of the traveled way thereof by turning to the right."

The instruction assumed that the single track made through the snow, and adopted by the vehicles, was the "traveled way," within the meaning of the foregoing statute.  This instruction is

3. HIGHWAYS: law of road: "traveled way" defined.

challenged, as being an erroneous construction of the statute.  The section quoted is made applicable to country highways, and not to streets in cities or towns.  It carries an implication that the full width of country highways is not always suitable for travel, and that travel is concentrated upon a narrower line.  In the absence of the snow covering, this highway would probably have to be deemed suitable for travel for the full width of the pavement, and perhaps for the full width of 28 feet, including the 5-foot wing on either side.  But the snow covering would create a situation which rendered travel difficult on all parts of the road, except on the traveled track, and we think the statute fairly applies to the actual situation.  Moreover, both parties appear to have tried the case upon this theory, and the emphasis of both sides was directed to the right of each as to this traveled track, each of them claiming that it was located on his side of the center line.  We see no prejudicial error at this point.

IV.  Much complaint is directed to alleged misconduct of plaintiff's counsel, in that he persistently pressed upon the attention of the jury the claim that the defendant had insurance

4. EXCEPTIONS, BILL OF: bystander's bill.

for his protection.  It is urged that statements to that effect were suggested in the examination of jurors, and directly made in argument to the jury.  It does not appear that any objection or question was raised by the defendant at the time, nor have the remarks themselves been preserved by any proper record.  No record thereof is included in the certification of the record by the trial judge.  For the purpose of incorporating the facts alleged in the record, the defendant relies upon a writing which purported to specify the misconduct of plaintiff's counsel.  This writing was not

signed or certified by the judge, nor was it presented to him, nor was it signed by any bystander. It was simply signed by the defendant's attorneys, as such, in the same manner as any other pleading would be. It is the contention of counsel that this complied with the provisions of Section 11545, Code of 1924, which is as follows:

"When the decision is not entered on the record, or the grounds of objection do not sufficiently appear therein, the party excepting must reduce his exception to writing and present it to the judge for his signature, which, if it fairly presents the facts, he shall sign; if he refuses, the party may procure the signature of two bystanders attesting that the exception is correctly stated, and that the judge has refused to sign the same, which bill of exceptions shall then be filed with the clerk and become a part of the record."

We see little application of the statute to the proposition thus presented. The statute has reference to exceptions made to decisions by the trial court. The foregoing recital of facts constituting alleged misconduct sets forth no decision by the trial judge, nor any exception thereto. The claim in argument is that the trial judge was not present during much of this misconduct, and could not, therefore, certify to it; and such is the reason given for not presenting the alleged bill of exceptions for the signature of the judge. If a judge in such a case refuses to certify to an exception, the litigant may have recourse to bystanders. He cannot himself be regarded as the bystander, nor can his attorneys be so regarded.

The record does, however, disclose that counsel for appellee persisted in interrogating some of the witnesses on cross-examination as to the relationship between them and one Mischler,

5. New Trial: misconduct of counsel: cross-examination as to indemnity insurance.

who was the agent of the casualty company that had insured the risk, thereby bringing to the attention of the jury the fact that the defendant carried indemnity insurance. It is sought to justify the cross-examination upon the ground that it was proper, as bearing upon the interest of the witness. The examination, however, far transcended the proper limits of cross-examination, even for this purpose. Evidently, the principal purpose of the cross-examination was to get before the jury the fact that the defendant was protected against liability by

insurance. We have heretofore criticized the attempt of counsel to inject this fact into the evidence for the purpose of its effect upon the jury. *Ryan v. Trenkle,* 199 Iowa 636; *Berridge v. Pray,* 202 Iowa 663. Courts in many other jurisdictions have held that for counsel to willfully bring before the jury in a personal injury suit the fact that the defendant is protected by indemnity insurance is a ground for reversal. *Simpson v. Foundation Co.,* 201 N. Y. 479 (95 N. E. 10); *Carter v. Walker* (Tex. Civ. App.), 165 S. W. 483; *Martin v. Lilly,* 188 Ind. 139 (121 N. E. 443); *Cady v. Lang,* 95 Vt. 287 (115 Atl. 140); *St. Jean v. Lippitt Woolen Co.* (R. I.), 69 Atl. 604; *Moorefield v. Lewis,* 96 W. Va. 112 (123 S. E. 564); *Vasquez v. Pettit,* 74 Ore. 496 (145 Pac. 1066); *Chybowski v. Bucyrus Co.,* 127 Wis. 332 (106 N. W. 833); *Sherwood v. Babcock,* 208 Mich. 536 (175 N. W. 470); *O'Hara v. Lamb Const. Co.* (Mo. App.), 197 S. W. 163; *Standridge v. Martin,* 203 Ala. 486 (84 So. 266); *Burgess v. Germany-Roy-Brown Co.,* 120 S. C. 285 (113 S. E. 118); *Blue Bar Taxicab & Trans. Co. v. Hudspeth,* 25 Ariz. 287 (216 Pac. 246); *International Co. v. Clark,* 147 Md. 34 (127 Atl. 647); *Boals Planing Mill Co. v. Cleveland, C., C. & St. L. R. Co.,* 211 Ill. App. 125; *Kentucky Wagon Mfg. Co. v. Duganics* (Ky.), 113 S. W. 128. While we do not mean to restrict the right of proper cross-examination for the purpose of showing the interest of the witness, we are convinced that, under the doctrine of the cited cases, the cross-examination in this case went beyond this purpose, and was, therefore, prejudicial to the appellant.

The foregoing comprises the substance of the principal errors argued. We will not pursue them in further detail herein. We have read them all, and given them detailed consideration, and find no other prejudicial error.

The judgment is reversed.—*Reversed.*