A. H. Berridge, Appellee, v. L. C. Pray, Appellant.

**MOTOR VEHICLES:** Operation—Negligence—Improper Submission.

1 *Only supported grounds of negligence should be submitted to the jury.* So held where the court submitted the negligence of the driver of an automobile (1) in failing to turn to the right, when signaled by an overtaking car, and (2) in increasing his speed when so signaled, when, on the record, the only possible proximate negligence was the act of the said driver in overtaking the passing car, after it had passed, and then bringing about a collision.

**MOTOR VEHICLES:** Operation—Excessive Speed—Negligence Per Se.

2   It may not be said that the unlawful speed of a vehicle constitutes contributory negligence *per se* as to a collision which results from such vehicle's being *overtaken* by a faster-moving vehicle.

**MOTOR VEHICLES:** Operation—Excessive Speed—Negligence Per Se.

3   The act of passing a vehicle at an illegal rate of speed may not be declared negligence *per se* as to a collision which occurred after the passing had been completely effected.

**NEW TRIAL:** Grounds—Asserting Damages Insured Against. Principle

4  reaffirmed that, in an action for damages resulting from a collision of vehicles, prejudicial misconduct may result from asserting, in effect, before the jury, that the damages sued for have been insured against. (See Book of Anno., Vol. 1, Sec. 11550, Anno. 131 *et seq.*)

Headnote 1: 28 Cyc. p. 49; 38 Cyc. pp. 1617, 1618. **Headnote 2:** 28 Cyc. p. 49. **Headnote 3:** 28 Cyc. p. 49. **Headnote 4:** 38 Cyc. p. 1498.

Headnote 2: 2 R. C. L. 1192. **Headnote 4:** 2 R. C. L. 417.

*Appeal from Webster District Court.*—B. R. BRYSON, Judge.

## NOVEMBER 23, 1926.

Action for damages claimed to have resulted from a collision between two automobiles. From a judgment on a verdict for plaintiff, the defendant appeals.—*Reversed and remanded.*

*Helsell & Helsell* and *James I. Dolliver,* for appellant.

*Healy, Thomas & Healy,* for appellee.

VERMILION, J.—The petition alleged, in substance, that both plaintiff and defendant were driving their respective automobiles westward on an east and west highway; that the plaintiff was behind the defendant, and signaled his desire to pass; that, although he could easily have done so, because of the smooth and level condition of the highway, the defendant failed to draw to the right side of the highway; that plaintiff drove his car alongside and ahead of the defendant's car, and, after he had passed the car of the defendant, and was proceeding westward along the south side of the highway, the defendant accelerated the speed of the car he was driving, and turned it into and against plaintiff's car, and by the collision so caused, plain-

*1. MOTOR VEHICLES: operation: negligence: improper submission.*

tiff's car was thrown from the highway and overturned, resulting in the claimed damage to his car and injury to his person.

The appellee testified to having twice, before the accident, signaled, by sounding his horn, his desire to pass the appellant, and said:

"I trailed along, until we came to the point near the accident. I had caught up, and made another attempt to go by. I signaled with the horn. I signaled with the horn, and made an attempt to pass. He didn't give me any room, so I stepped on it, to go by, and got clear by, so that he was out of sight, and then whether [when?] I started to turn back over, and was informed not to do it because he was crowding up, and so I did not do it. I kept my position on the road, and he came up. I was on the south side of the road going toward Rockwell City, and he came up and grazed my car, which caused it to swerve, and he grazed it a second time and caused it to swerve, and that is the last I know. It was a side blow—a glancing blow."

There were two other men in plaintiff's car. One of them testified:

"At first, the front car gave us no room. Finally, when we came to where the road was wide enough, the large car gave a little, and we got started by. Our car did get by to a point probably two or three feet ahead of the other car. After we had gotten by, the other car came up, and was rubbing the right rear fender of the Berridge car. I called, 'Look out! Get over!' Pray just smiled, and our car tipped over in the ditch. The other car continued down the road in a big cloud of dust."

The other occupant of appellee's car was not called. The foregoing was all the evidence on behalf of the appellee as to how the accident occurred.

The testimony of appellant and two other men, who were with him in his car, was to the effect that he was driving on the right side of the road, which was about 24 feet wide, with two traveled tracks; that, when appellee attempted to pass, he did not succeed in doing so, and his car never was ahead of appellant's; that the cars were never in contact; and that they did not know of the accident to appellee until sometime later.

I. The court's instructions submitted three grounds of negligence to the jury: (1) That, after the plaintiff had passed defendant's car, and was in a place of safety, the defendant

accelerated the speed of his car, and turned it to the left against the car driven by plaintiff. (2) That the defendant failed to turn to the right, to permit plaintiff's car to pass, after a signal that plaintiff desired to pass. (3) That defendant was negligent, after being so signaled, in accelerating the speed of his car for the purpose of preventing the plaintiff from passing.

The only evidence in the case of any collision at all came from appellee and his witness; and that was of a collision that occurred after appellee, as he testified, had passed appellant's car, and was "clear by,"—the other witness said "two or three feet,"—and was caused by the fact that appellant's car then overtook him and struck his car from the rear.

Any attempt by appellant to prevent the appellee from passing, either by refusing to turn out, to let him pass, or by speeding up his car to prevent his passing, no matter how negligent such conduct might have been, could, in the very nature of things, have had no causal connection with a collision occurring after appellee had so passed in safety, and was ahead and in the clear of appellant's car. It is perfectly obvious that a collision between the cars could then have occurred only by such a change in their relative speed from what it was when the appellee's car passed the other, and such a change in the course of one or the other of them, as to bring them into collision.

It is elementary that, to warrant a recovery for negligence, the negligence must have been the proximate cause of the injury. The only negligence here, of which there was any evidence, which could have had any causal connection with the collision, was the first ground submitted by the court to the jury: that is, that, after appellee's car had passed appellant's car, the appellant accelerated the speed of his car, and turned it to the left against the car of appellee. It was error, therefore, to submit to the jury the other grounds of negligence found in the instructions. *Andrews v. Chicago G. W. R. Co.*, 129 Iowa 162; *Yeager v. Chicago, R. I. & P. R. Co.*, 148 Iowa 231.

II. It is contended that the appellee was, as a matter of law, guilty of contributory negligence in driving at an unlawful rate of speed. There is some conflict in the testimony as to the

rate of speed at which the cars were traveling. But, if it should be conceded that appellee was driving at a speed in excess of that permitted by the statute, at the time when, it is claimed, appellant's car, following it, overtook it and struck it, we are not prepared to say, as a matter of law, that the *excessive* speed of the appellee contributed to a collision so occurring. It might be said, in such case, that excessive speed on the part of the appellee would have tended to avert, rather than to cause, the collision. Nor would the fact, if it be a fact, that appellee, in passing appellant's car, exceeded the legal speed limit, constitute contributory negligence, as a matter of law, if, as claimed by appellee, after so passing it, appellant's car overtook and struck his car.

*2. MOTOR VEHICLES: operation: excessive speed: negligence per se.*

*3. MOTOR VEHICLES: operation: excessive speed: negligence per se.*

If it should be conceded that appellee was negligent in passing appellant's car if and as he did, it could not be said, as a matter of law, that such negligence contributed to a collision occurring after he had passed, by the overtaking and striking of his car by appellant's car. The question of contributory negligence was for the jury.

III. In the view we take as to the one claim of negligence that should have been submitted to the jury, it is not material whether the appellant was, or was not, required, if he could do so with safety, to turn to the right, on receiving a signal from the driver of a following car of the latter's desire to pass, where, to do so, the passing car would be traveling at a speed in excess of that allowed by statute; and it is, therefore, not necessary that we determine whether requested instructions on that subject correctly stated the law or not.

IV. Complaint is made of the argument of counsel. It is said that improper reference was made in argument to the claimed fact that appellant carried liability insurance. There is some dispute as to what was said. In view of a reversal on another ground, it is not necessary that we determine the disputed question of fact, or whether what was said constituted prejudicial misconduct on the part of counsel. We have expressed ourselves in no uncertain terms on the ultimate question here involved,—the impropriety of suggesting to the jury that the damages sued for were

*4. NEW TRIAL: grounds: asserting damages insured against.*

covered by insurance. *Ryan v. Trenkle,* 199 Iowa 636. A like situation should not arise upon a retrial of the case.

V. Other questions presented by the assignment of errors are either disposed of by what has been said or are not such as are likely to arise upon another trial.

For the error pointed out, the judgment is reversed and the cause remanded.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.