WILLIAM CARTER, appellee, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, appellant.

No. 48825.

(Reported in 74 N.W.2d 356)

430

January 10, 1956.

A. B. Howland and B. A. Webster, Jr., both of Des Moines, for appellant.

Ralph U. Woodcock and Don Hise, both of Des Moines, for appellee.

WENNERSTRUM, J.—Plaintiff, an employee of the defendant-company, sought recovery of damages for personal injuries claimed to be the result of negligence on the part of another of its employees. The action was brought under the provisions of the Federal Employers' Liability Act. 45 U.S.C.A., section 51 et seq. Certain defenses, including assumption of risk, are abolished by the Act. It requires proof of negligence of the employer before a plaintiff-employee can recover. The court submitted the case to the jury which returned a verdict for the plaintiff. The jury, in answer to a special interrogatory, found the plaintiff's negligence contributed to his injuries in the amount of forty-two per cent. Under the Act contributory negligence is not a defense but may be pleaded and proved by a defendant to lessen the damages. A motion for judgment notwithstanding the verdict, and also a motion for new trial, were filed by the defendant and overruled by the trial court. Judgment was entered for the amount of damages found by the jury. The defendant has appealed.

The plaintiff was a section laborer on an extra gang engaged in trackwork for the defendant-company. The members of this group reported for work at a tool house located in Des Moines at 7 a.m. They were taken to their place of employment in a truck which returned for them each afternoon. The truck and employees were supposed to return to the tool house by four o'clock p.m. During the trip to and from work the section foreman rode in the cab of the truck with the driver. The other men rode in the bed of the truck, sitting on benches.

It is shown by the record that prior to the date of the plaintiff's injury and on that date he had observed other men who had been riding in the truck getting off of it when it came to a stop

along the return route to the tool shed. The evidence also shows the plaintiff had left the truck before it reached the tool house on two or three other return trips. At the time of his injury he had been employed by the defendant only eight days. On August 28, 1953, the truck came down East 19th Street and slowed down practically to a stop for a left turn to the east on Des Moines Street. At that time the plaintiff climbed over the tail gate, got down on the step on the rear of the truck and attempted to alight from it. Just prior to his efforts to alight he was standing on the step at the rear of the truck and holding on to the tail gate with his left hand. He then stepped back and down toward the ground with his right leg and foot outstretched to reach it. It is the plaintiff's testimony that as the truck turned the corner to the left it speeded up and he fell breaking his right leg. He also testified he thought the truck was going to come to a stop. The truck did not stop but certain of the men returned within a short time from the tool house to help him.

It is shown the plaintiff did not tell the truck driver he intended to alight from the truck where he did or at any other point and he did not tell the section foreman he had any intention of leaving the truck before it reached the tool house. The plaintiff's testimony discloses he had never alighted from the vehicle at the point where he was injured. There is no stop light or stop sign at this point. It is shown the section foreman had previously given two men permission to get off the truck at a point en route to the tool shed but he later withdrew it. The plaintiff testified he had not been advised by the foreman not to leave the truck until it had reached the tool shed. There were no notices posted prohibiting such actions.

The plaintiff sustained a fracture of the right leg which kept him from active work for approximately six months.

The defendant claims as grounds for reversal the court erred (1) in submitting the question of defendant's negligence to the jury (2) in ruling the plaintiff was not bound by his own testimony he had never previously alighted from the truck at the point where he was injured, and (3) in overruling defendant's motion for mistrial because of the fact plaintiff's counsel in argument referred to the "insurance company" on three occasions.

I. The district courts of this state and this court have concurrent jurisdiction with federal courts in actions brought under the Employers' Liability Act, Title 45 U. S. C. A., section 56; M'Coullough v. Chicago, R. I. & P. Ry. Co., 160 Iowa 524, 539, 142 N.W. 67, 47 L. R. A., N. S., 23; Parthun v. Elgin, J. & E. Ry. Co., 325 Ill. App. 408, 60 N.E.2d 464. See also Bradbury v. Chicago, R. I. & P. Ry. Co., 149 Iowa 51, 128 N.W. 1, 40 L. R. A., N. S., 684. In actions brought under this statute the fact the employee may have contributed to his injury shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. Title 45 U. S. C. A., section 53. It is conceded the plaintiff was engaged in interstate commerce when injured. San Pedro, L. A. & S. L. R. Co. v. Davide, 9 Cir., Cal., 210 F. 870; Ramsay v. Baltimore & Ohio R. Co., 301 Ill. 169, 133 N.E. 703.

II. In the present case the defendant maintains the most important question presented on this appeal is whether there is any evidence from which the jury could properly find the defendant was negligent. Consequently we must determine whether, under the facts, the applicable statutes and the authorities the case should have been submitted to the jury for its determination.

It has been held a state court must follow the interpretation put upon the chapter (2) of Title 45, relating to the Employers' Liability Act by the Supreme Court of the United States. Atlantic Coast Line R. Co. v. McMoy, 1954, 261 Ala. 66, 72, 73 So.2d 85. Likewise, federal court decisions control state courts in all actions prosecuted in them under the applicable federal statute. Batton v. Atlantic Coast Line R. Co., 212 N. C. 256, 193 S.E. 674; Texas & P. Ry. Co. v. Younger, 1953, Tex. Civ. App., 262 S.W.2d 557.

In actions for injuries sustained by a railroad employee, under the statute in question, proof of negligence, however slight, is sufficient to present a jury question. Tennant v. Peoria & Pekin Union Ry. Co., 1943, 7 Cir., Ill., 134 F.2d 860. And in an appeal of the last cited case the Supreme Court of the United States in Tennant v. Peoria & Pekin Union Ry. Co., 1944, 321 U. S. 29, 32, 64 S. Ct. 409, 411, 88 L. Ed. 520, held it was incum-

bent upon plaintiff to present probative facts from which negligence of the railroad and causal relation could be reasonably inferred. It was therein held the question whether the railroad was negligent and such negligence was the proximate cause of death was for the jury. Although it is held in Brady v. Southern Ry. Co., later mentioned, there must be more than a scintilla of evidence, it has been held this Act should be liberally construed. A further Supreme Court of the United States case bearing upon the question of the sufficiency of the evidence to justify the submission of a case to a jury is Ellis v. Union Pac. R. Co., 329 U. S. 649, 653, 67 S. Ct. 598, 600, 91 L. Ed. 572, 576, wherein it is stated:

"The Act does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur. And that negligence must be 'in whole or in part' the cause of the injury. 45 U. S. C. § 51, 45 U. S. C. A. § 51. Brady v. Southern Ry. Co., 320 U. S. 476, 484, 64 S. Ct. 232, 236, 88 L. Ed. 239. Whether those standards are satisfied is a federal question, the rights created being federal rights. Brady v. Southern Ry. Co., supra; Bailey v. Central Vermont Ry. Co., 319 U. S. 350, 63 S. Ct. 1062, 87 L. Ed. 1444. * * * Once there is a reasonable basis in the record for concluding that there was negligence which caused the injury, it is irrelevant that fair-minded men might reach a different conclusion. For then it would be an invasion of the jury's function for an appellate court to draw contrary inferences or to conclude that a different conclusion would be more reasonable."

It was therein held there was reasonable basis for the verdict returned. See also Tiller v. Atlantic Coast Line R. Co., 318 U. S. 54, 68, 63 S. Ct. 444, 451, 87 L. Ed. 610, 143 A. L. R. 967.

In Northern Pac. Ry. Co. v. Berven, 1934, 9 Cir., Wash., 73 F.2d 687, it was held in an employee's action, under the statute here in question, unless facts are inconsistent with existence of employer's negligence and present a situation so plain intelligent men would draw the conclusion the employer was not

negligent, the question of negligence must be submitted to the jury.

We believe the evidence in the instant case does not present a situation so plain intelligent men would draw the conclusion the employer was not negligent. And it has been held in Atlantic Coast Line R. Co. v. McMoy, supra, at page 72 of 261 Ala., page 90 of 73 So.2d, a directed verdict should not be granted unless: "* * * there is a complete absence of probative facts to support the plaintiff's claim of negligence on the part of the railroad." It is our holding and conclusion the evidence shows other employees than plaintiff previously had left the truck operated by defendant when it had come to a momentary stop and the defendant knew or by reasonable investigation should have known of this fact. And having knowledge of this fact, or by proper investigation at the terminus of the route, it could have learned all the men riding in the truck were not completing the trip each day. Inasmuch as the representatives of the company knew or should have known that men were leaving the truck when it stopped or slowed down, then under the circumstances here shown the truck driver should not have suddenly increased the speed after it had slowed down at the time plaintiff was injured. There is testimony at times only half of the men rode all the way back to the tool house. This fact must have been known by the foreman and driver employed by the defendant.

The defendant cites as an authority for reversal the case of Atlantic Coast Line R. Co. v. Dixon, 1951, 5 Cir., Ga., 189 F.2d 525, 527, wherein it is held if an employee's negligence was the sole proximate cause of his injury, he cannot recover. It is claimed the plaintiff was solely responsible for his injuries. This case also holds: "If both employer and employee are guilty of negligence, the employee may recover, * * *." We have concluded there was substantial evidence from which the jury could find both parties were negligent. In fact, the jury so found.

III. It is conceded by plaintiff he had the burden of proving the defendant was negligent in some respect. The court so instructed the jury and inasmuch as it found for the plaintiff it must have determined the plaintiff had met the burden of

proof placed upon him. We cannot and should not determine as a matter of law the plaintiff has not met the burden of proof where there is sufficient evidence presented to require that determination by the jury.

IV. The defendant claims as an error the failure of the trial court to instruct the jury, as requested by it, the plaintiff was bound by his testimony to the effect he had never before alighted from the truck at the point where he was injured and in allowing plaintiff's counsel to argue to the jury he was not so bound. The plaintiff on cross-examination testified: "I don't recall ever having gotten off at this place before." One of defendant's witnesses testified: "* * * Mr. Carter got off two or three times right there at 19th and Hubbell. On August 28th, the day he fell, the truck was going moderately slow because there is a rough spot there and then entering onto 19th Street there was a lot of pot holes in the street. Before, he had got right off on the sidewalk as the car was mounting onto the sidewalk off of Hubbell onto 19th. There is a little raise there and he would luckily hit that sidewalk but the last day it looked like he had hit one of the holes. I can't say that I saw him step off the step, but I saw him climb over the tail gate. He got off numerous times. * * *." Although this witness referred several times to 19th and Hubbell the nature of his testimony indicates he was referring to the point where plaintiff was injured.

■ Both parties cite as authority in connection with the claimed error the case of Snittjer Grain Co. v. Koch, 246 Iowa 1118, 1128, 71 N.W.2d 29, 34. We have concluded the plaintiff's statement was not such a positive statement as to constitute a "judicial admission" referred to in the cited case. It was therein stated: "Mere testimony of a party on cross-examination, unfavorable to his own cause and in contradiction of other evidence in his favor, is not ordinarily conclusive. Unless it be of such a nature or under such circumstances as to permit the court to classify it as a 'judicial admission' it merely creates a conflict in the evidence to be resolved as a question of fact." We find no error as asserted by defendant.

■ ■ V. Defendant asserts plaintiff's counsel in his argument referred to the fact representatives of an insurance com-

pany had called on plaintiff. The record discloses this happened only once. It is true counsel made a motion for mistrial earlier but the previous statements were not reported. The statement of which defendant complains is as follows: "I don't mean to say anything that isn't supported by the evidence or any reasonable inference. I am talking about the defendant and when I mean the defendant I am talking about the railroad company. * * * The insurance company——If the Court please, I am used to trying Workmen's Compensation."

It is only when a party intentionally suggests a defendant carries insurance that there is error. Albert v. Maher Bros. Transfer Co., 215 Iowa 197, 214, 243 N.W. 561; Remer v. Takin Bros. Freight Lines, 230 Iowa 290, 295, 297 N.W. 297; Johnston v. Calvin, 232 Iowa 531, 535, 5 N.W.2d 840; Trout v. Talerico, 237 Iowa 285, 294, 21 N.W.2d 672. The trial court promptly cautioned the jury to disregard the reference to an insurance company. It is our conclusion the reference to it by plaintiff's counsel was inadvertently made and under the circumstances and in light of the trial court's cautionary comments was not prejudicial.

For the reasons heretofore noted the trial court is affirmed. —Affirmed.

LARSON, C. J., and BLISS, GARFIELD, OLIVER, SMITH, THOMPSON, and PETERSON, JJ., concur.