WALTER PRICE, appellant, v. CHARLES KING, defendant-appellee, HARTFORD ACCIDENT & INDEMNITY COMPANY, intervenor-appellee.

No. 50980.

(Reported in 122 N.W.2d 318)

316

June 11, 1963.

Harold G. DeKay, of Atlantic, for appellant.

Batschelet & Thompson, of Guthrie Center, for defendant-appellee.

Davis, Huebner, Johnson, Burt & Fulton, of Des Moines, for intervenor-appellee.

Snell, J.—This is an interlocutory appeal perfected with permission.

The question before us involves the right of a Workmen's Compensation insurance carrier to intervene in a common-law action.

For the purposes of this appeal the facts are not in dispute.

Walter Price, plaintiff herein, and Charles King, defendant herein, were involved in a motor-vehicle intersection collision. Plaintiff was injured. Plaintiff was at the time an employee (not defendant's employee) covered by Workmen's Compensation. Hartford Accident & Indemnity Company was the Workmen's Compensation carrier for plaintiff's employer.

Plaintiff claimed and recovered Workmen's Compensation in a proceeding before the Iowa Industrial Commissioner. Plaintiff, thereafter, voluntarily started this common-law action, sounding in negligence, against defendant Charles King. The insurance carrier perfected its lien pursuant to section 85.22(1), Code of Iowa, quoted infra.

The insurance carrier then filed an application for permission to be represented by counsel of its own choice. The application was denied for the reason that the company was not at that time a party to the case.

The insurance carrier thereupon filed a petition of intervention joining in plaintiff's allegations against defendant alleging the payment to plaintiff of Workmen's Compensation in the sum of $4205.36 and the pendency of plaintiff's petition for review-reopening. Intervenor alleged a lien, indemnity and subrogation interest in the claim of plaintiff against defendant. The petition of intervention concluded with this prayer:

"WHEREFORE, your intervenor prays that plaintiff have judgment against the defendant according to the prayer of his Petition and that the interest of the intervenor as hereinbefore set out be fully and adequately protected by the Court, and that judgment be entered therefor."

Plaintiff moved to strike the petition of intervention as not authorized by section 85.22(1), Code of Iowa; not within the factual situation for subrogation under section 85.22(2), Code of Iowa; and unnecessary and moot because intervenor's rights are established by section 85.22(1), Code of Iowa.

The trial court overruled plaintiff's motion to strike and plaintiff appeals.

Our Workmen's Compensation statutes are in chapter 85, Code of Iowa.

Pertinent provisions of section 85.22 are:

"When an employee receives an injury for which compensation is payable under this chapter, and which injury is caused under circumstances creating a legal liability against some person other than the employer to pay damages, the employee * * * may take proceedings against his employer for compensation, and the employee * * * may also maintain an action against such third party for damages. * * *

"1. If compensation is paid the employee * * * under this chapter, the employer by whom the same was paid, or his insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, with legal interest, except for such attorney fees as may be allowed, by the district court, to the injured employee's * * * attorney, and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which he is liable. In order to continue and preserve the lien, the employer or insurer shall, within thirty days after receiving notice of such suit from the employee, file, in the office of the clerk of the court where the action is brought, notice of the lien."

Subsection 2 provides for subrogation of the employer or insurer within specified limits when the employee fails to bring action. This and subsequent provisions of the statute are not involved here.

Plaintiff argues that the presence of intervenor will be a definite handicap and intervenor suggests the advantages that should result at the trial. Intervenor does not question the competency of plaintiff's counsel.

Plaintiff argues that the intervention injects into the case an insurance company and alerts the jury to the fact that recovery will be paid in whole or in part to the insurance company.

Intervenor argues that its aid preparatory and during trial should be helpful to plaintiff.

Admitting, arguendo, that what plaintiff claims may be true it does not follow that the petition of intervention must be stricken. Other rules control.

I. When an injured employee fails to bring action against

a negligent third party the employer or insurance carrier may, by following the provisions of section 85.22(2), be subrogated to the right to maintain an action. That is not the situation now before us. When the employee brings the action the employer or insurer is to be *indemnified out of the recovery of damages.* (Emphasis supplied.) Southern Surety Co. of New York v. Chicago, Rock Island & Pacific Ry. Co., 215 Iowa 525, 531, 245 N.W. 864, 867. See also Southern Surety Co. v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 187 Iowa 357, 174 N.W. 329.

Although there has been a change in the wording of the statute since the decision in Cawley v. Peoples Gas & Electric Co., 193 Iowa 536, 187 N.W. 591, what was said is appropriate to the present case. The case held that there was no prohibition in the statute against intervention but that evidence as to the amount of the award under the Workmen's Compensation Act is not a proper matter for the consideration of the jury. 193 Iowa, loc. cit. 549.

Where as here the injured employee brings a tort action for damages the employer or insurer has a right to indemnity from the amount recovered under section 85.22(1) but this right is not the same as full subrogation. Section 85.22(1) deals with indemnity and not with subrogation. There is nothing therein that either authorizes or prohibits intervention. The statute does provide for a lien on the amount recovered and resultantly recognizes that the lienholder has an interest in the subject matter of the lawsuit and the success of the plaintiff.

II. The right of intervention in such an action as this is controlled not by the Workmen's Compensation statute which is silent on the matter but by rule 75, R. C. P. This rule provides:

"Any person interested in the subject matter of the litigation, or the success of either party to the action, or against both parties, may intervene at any time before trial begins, by joining with plaintiff or defendant or claiming adversely to both."

Under this rule the test of the right of intervention is "interest" and not necessity. Neither desire, advantage nor dis-

advantage of plaintiff or defendant is controlling. In the case before us the insurance company having such an interest as contemplated by the rule and there being no statutory prohibition has a right to intervene.

Plaintiff seeks recovery for more than intervenor's lien but a party need not be interested in all the relief sought. Rule of Civil Procedure 26.

As intervenor the insurance company is an avowed party to the lawsuit and should be recognized as such. Intervenor's identity should be made known to the jury. Intervenor should be truthfully identified as having paid certain sums to plaintiff under the Workmen's Compensation Act for which it claims defendant is primarily liable.

III. The trial court in ruling on the question and counsel in argument were aware of the procedural problems that may arise when the case is tried to a jury. Because the problems have been discussed it is appropriate for us to mention the guidelines established by precedent and the rules of procedure.

The amount of compensation awarded or claimed under the Workmen's Compensation Act should not be disclosed. Evidence relative thereto should not be admitted. The jury should be instructed that such matters have nothing whatsoever to do with the question of defendant's liability to plaintiff or the extent or amount thereof. Cawley v. Peoples Gas & Electric Co., supra.

The jury should also be told in the same or following instruction that its verdict should in no way be influenced by the presence of intervenor as a party to the lawsuit.

The prayer of the petition of intervention joins intervenor with plaintiff and asks that plaintiff have judgment according to the prayer of the petition. Intervenor in this case has no interest adverse to plaintiff and no interest except in plaintiff's recovery in an amount sufficient for indemnification.

Intervenor is a coparty with plaintiff at the trial. Intervenor has no separate independent rights to voir dire examination of the jury. Plaintiff and intervenor cannot sever their peremptory challenges but must join in them unless the court otherwise orders. Rule of Civil Procedure 187(c). No extra

peremptory challenges may be allowed, even though there are two parties represented by different counsel, unless before the examination of the jury commences the court in its discretion authorizes and fixes the number of additional challenges. Rule of Civil Procedure 187(g).

Rule 191(e) provides "But one counsel on each side shall examine the same witness, unless otherwise permitted by the court." Intervenor is on plaintiff's side and has no separate or independent right to examine plaintiff's or defendant's witnesses unless permitted by the court.

Plaintiff expresses fear of resulting prejudice if the jury knows or suspects that an insurance company is interested in the result of the trial. This is an expression of a theory or suspicion long recognized in our law but which is no longer tenable. It assumes that jurors are so naive as to not think of insurance unless brought to their attention and that if insurance is suspected or known verdicts will be based on sympathy without regard for the factual issues submitted. Undoubtedly there are verdicts based on the idea that the defendant will not have to pay but this is most apt to happen when the jurors are left to speculate and are not properly advised and instructed.

Insurance coverage with multiple provisions and features has become so common and extensive that the uninsured litigant in automobile damage cases is the exception rather than the rule. Youngs v. Fort, 252 Iowa 939, 947, 109 N.W.2d 230, 234. It is not too much to assume that jurors and even judges know what everyone else knows, i.e., that some insurance company may have some interest in some phase of the lawsuit.

Whether or not defendant in the case at bar is insured we do not know. It is immaterial to us and should be immaterial to a jury. Rather than pretence by silence that there is no such thing as insurance it would be far better practice to routinely tell a jury by proper instruction that whether or not any party has any kind of insurance has nothing whatsoever to do with the issues to be decided by the jury. Such is the law and in the administration of justice the truth is more effective than mystery. Such an instruction should also warn the jury against speculation as to the existence, kind or amount of insurance coverage.

We adhere to the long-standing and well established rule that it is improper to suggest to the jury either directly or indirectly that the damages sued for are covered by insurance protecting against personal liability. Berridge v. Pray, 202 Iowa 663, 667, 210 N.W. 916; Rudd v. Jackson, 203 Iowa 661, 666, 213 N.W. 428; Floy v. Hibbard, 227 Iowa 149, 287 N.W. 829; and Floy v. Hibbard, 227 Iowa 154, 289 N.W. 905.

Error resulting from improperly injecting insurance coverage into evidence is not cured by an instruction. Cawley v. Peoples Gas & Electric Co., supra.

Inadvertent reference to insurance followed by cautionary comment by the court is not prejudicial error. Carter v. Chicago, Rock Island and Pacific Railroad Co., 247 Iowa 429, 437, 74 N.W.2d 356.

"Error arises only when a party intentionally brings before the jury on an immaterial or irrelevant matter the fact that the opposite party carries insurance." Stewart v. Hilton, 247 Iowa 988, 998, 77 N.W.2d 637.

Where an insurance company is a party to the lawsuit its identity should be disclosed as stated in Division II, supra.

We agree with the conclusions of the trial court.

The case is—Affirmed.

Hays, J., concurs in result.

All other Justices concur.